**Charles M. FELIX, Appellant,**

v.

**VIRGIN ISLANDS GOVERNMENT.**

**No. 82–3285.**

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1982.

Decided March 7, 1983.

Thomas K. Moore (argued), Hoffman & Moore, P.C., Charlotte Amalie, St. Thomas, Virgin Islands, for appellant.

Hugh P. Mabe, III, U.S. Atty., Eric B. Marcy (argued), Sp. Asst. U.S. Atty., Charlotte Amalie, Virgin Islands, for appellee.

Before SEITZ, Chief Judge, ADAMS and WEIS, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

Charles Felix, the petitioner, was found guilty in 1977 of first degree murder, and his conviction was affirmed by this court.[1] After he had commenced serving his prison sentence, Felix petitioned the district court for a writ of habeas corpus contending that he had been incompetent to stand trial, that several errors had been committed during his trial, and that the conditions of his confinement constituted cruel and unusual punishment. The court denied the petition and this appeal was timely filed. For the reasons set forth below, we reject Felix's challenges to his conviction set forth in his habeas petition and will affirm the judgment of the district court.

### A.

The facts relevant to the central issues of this appeal were set forth in our first opinion in this case:

Felix, who was employed as a Corrections Officer by the Department of Public Safety of the Virgin Islands, shot Thomas Industrious on December 24, 1976, and Industrious died shortly thereafter. Felix was charged on December 28, 1976, in a one-count information with first degree murder.

After Felix entered a plea of not guilty, the United States Attorney, on February 24, 1977, filed a motion for a psychiatric examination of the defendant. Felix's counsel, at the request of his client, opposed the motion. The court, treating the motion as directed solely at the question whether the defendant was competent to stand trial, held a hearing on March 3, 1977. At the conclusion of the hearing, the court declared that "... this hearing clearly established to my mind that the defendant is competent to stand trial ..."[2]

\*    \*    \*    \*    \*    \*

Trial took place from March 7 to March 10, 1977. At its conclusion, the jury returned a verdict of guilty. [The district court then imposed the mandatory sentence for first degree murder—life imprisonment without possibility of parole.] After Felix was sentenced, the defense counsel moved for a new trial and sought a directive that the defendant undergo a psychiatric examination. The trial judge denied the new trial motion, but directed the Commissioner of Public Safety to refer the defendant to the Commissioner of Health or his representative for observation and testing in the correctional facility where he was incarcerated.

[2] The court stressed that it was unwilling to order a psychiatric examination of the defendant on the basis of the evidence adduced at the hearing, particularly given that the defendant opposed the government's motion for such an examination. As the court stated:

I have heard enough testimony from psychiatrists that sometimes a person may be very mentally ill at times, may act rationally, but I am talking about referring this man for psychiatric evaluation against his will, and over his objection, and forcing a defense on him which he is not willing to accept to defend himself ... I am very reluctant on this evidence, as I said, bearing in mind it is his defense and he is before me in opposition to the motion, knowingly and understandably, he is waiving it. And I am not going to force it on him.

569 F.2d 1274, 1275–76 (3d Cir.1979) (one footnote omitted).

[1] 569 F.2d 1274 (3d Cir.1979). We refer the reader to that opinion for a more detailed explanation of the factual background, as we set forth only those matters relevant to the disposition of the appeal from the denial of the habeas petition.

In his first appeal to this Court, Felix questioned the voir dire, the admission of certain evidence at trial, the sufficiency of the evidence to sustain his conviction, and the district judge's denial of the government's motion for a psychiatric evaluation. We rejected all four of these arguments and affirmed the conviction. In considering the competency issue, we concluded that on the record before the district court, it was not error for the trial judge to refuse to order a psychiatric evaluation, but stated that

> Our conclusion should not be taken as a final ruling on the issue of Felix' competence of mental capacity at the time of the shooting or at trial—for we are only called on to pass upon the actions of the district court, in which we find no error, and the record before us includes no evidence regarding the results of the examination of Felix in prison. Thus, our decision is without prejudice to the defense to seek *habeas* relief in the event that evidence of mental incompetency arises from any such examination.

569 F.2d at 1282 n. 23.

Felix filed a *pro se* petition for a writ of habeas corpus in the district court on October 15, 1980. On June 1, 1981, counsel was appointed to represent Felix, and an amended petition for habeas corpus was then filed. Once again it was argued that Felix had been incompetent to stand trial and that under 18 U.S.C. § 4244 the district court was required to order him to undergo a psychiatric evaluation.[2] The court's failure to insist upon this evaluation was claimed to be reversible error, notwithstanding Felix's own opposition to a psychiatric evaluation at the time of trial. The potential applicability of the statute had not been raised at the original trial or on the direct appeal. The district court rejected the claims of trial error and cruel and unusual punishment. As to the competency claims, the district judge directed the petitioner to submit further evidence of his mental incapacity at the time of the crime and of his incompetence to stand trial. After reviewing the additional evidence proffered and the briefs submitted by both sides, the district court ruled that the psychiatric reports presented by Felix did not show that he had been mentally incompetent at the time of trial; the court made no reference to Felix's mental capacity at the time of the shooting. The court also ruled that since 18 U.S.C. § 4244 is, by its language, limited to "crimes against the United States," it does not cover acts which violate only local Virgin Islands law. Inasmuch as murder is proscribed by local law, 14 V.I.C. § 922(a)(1), the court concluded that Section 4244 is not applicable to this

---

**2.** The statute provides:

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.
18 U.S.C. § 4244.

case. The district court dismissed the petition, and this appeal followed.

### B.

Felix makes three arguments in support of his position that the district court erred in failing to grant his petition for habeas corpus. First, he contends that 18 U.S.C. § 4244 does apply to criminal prosecutions under the Virgin Islands Code. Second, he maintains that the district court erred in rejecting three alleged trial errors as grounds for granting his petition. Third, Felix urges that the evidence he presented to the district court in his petition for habeas corpus demonstrated that he was mentally incompetent at the time of trial.

■ The district court considered Felix's first two claims—the applicability of 18 U.S.C. § 4244 and the alleged trial errors[3] —and rejected them on the merits. These issues were not raised at trial or on the direct appeal, however, and therefore we may not reach their merits here. The Supreme Court has recently held that "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (U.S.1982). Because Felix made no attempt to show that he could satisfy the "cause" and "actual prejudice" requirements, he may not now obtain collateral review of these claims.[4] Since the district court denied the petition, we will affirm its judgment on these issues, although we do so on the basis of *Frady,* rather than on the merits. *See Bernitsky v. United States,* 620 F.2d 948, 950 (3d Cir.1980) (the court of appeals is "free to affirm the judgment of the district court on any basis which finds support in the record").

■ Felix's final contention is that the district court erred in determining that he was competent to stand trial. In our first opinion in this case, we upheld the trial court's ruling on competency to stand trial, but stated that our decision was "without prejudice" to a petition for habeas corpus that provided *new evidence* "on the issue of Felix' competence or mental capacity at the time of the shooting or at trial." In his petition for habeas corpus, Felix presented the district court with summaries of three psychiatric evaluations made during his incarceration. These reports do not directly address the issue of Felix's mental capacity or competence at the times in question, other than one cryptic reference to the possibility that Felix was intoxicated when he committed the crime. We agree with the district court that these summaries are insufficient to justify a competency hearing at this time.

### C.

The judgment of the district court will be affirmed.

---

3. The alleged errors were: (1) an inadequate instruction to the jury on voluntary intoxication; (2) lack of competent evidence as to the ownership of the "second gun" found at the scene of the crime; and (3) improper statements by one of the jurors during the trial.

4. Inasmuch as we conclude that Felix made no attempt to demonstrate "cause" and "actual prejudice," we do not reach the merits of his first two claims. Accordingly, we take no position on the applicability of 18 U.S.C. § 4244 to a prosecution based on an alleged violation of the Virgin Islands law.