**Lawrence SPRITZER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civil Action No. 96–3089.
Criminal No. 94–646.

United States District Court,
D. New Jersey.

June 23, 1997.

---

Jonathan L. Goldstein, Hellring, Lindeman, Goldstein, Newark, NJ, for Plaintiff.

Alain Leibman, Assistant U.S. Attorney, Office of the U.S. Attorney, Newark, NJ, for Defendant.

## OPINION

WOLIN, District Judge.

This matter comes before the Court on the motion of petitioner Lawrence Spritzer ("L.Spritzer") under 28 U.S.C. § 2255 (1996) to vacate, set aside, or correct his sentence. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court has decided the motion based on the written submissions of

the parties. For the following reasons, L. Spritzer's motion will be denied.

## BACKGROUND

L. Spritzer and his brother, Daniel Spritzer ("D.Spritzer"), were co-owners of NJCT, a New Jersey corporation in the business of selling food service equipment to federal agencies. L. Spritzer was a director and treasurer, and D. Spritzer was a director and president. In 1989, several former employees of NJCT approached the Federal Bureau of Investigation with information regarding overcharging by NJCT on items purchased by United States agencies. An investigation commenced in the fall of 1989. On or about December 15, 1994, L. Spritzer plead guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (1994) and to presentment of a false claim to the Bureau of Prisons, a United States agency, in violation of 18 U.S.C. § 287 (1986). D. Spritzer was never charged.

On June 1, 1995, L. Spritzer entered into a settlement agreement with the United States Attorney's Office ("USAO"). The USAO agreed to accept $200,000 in compromise of potential civil claims for treble damages and penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33 (1986). On June 2, 1995, this Court sentenced L. Spritzer to twelve months and one day in prison and three years of supervised release. In addition, this Court ordered L. Spritzer to pay $142,145.68 in restitution pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663–64 (1996). To reach this figure, the Court credited L. Spritzer's $200,000 settlement against the government's total loss of $342,145.68. Thus, L. Spritzer's obligation to the government totaled $342,145.68.

Although D. Spritzer was never charged, the United States held civil causes of action against him under the FCA. On June 9, 1995, seven days after the Court sentenced L. Spritzer, the USAO settled with D. Spritzer for $100,000 in compromise of future claims it held against him under the FCA.

L. Spritzer now moves to correct this Court's restitution order on the grounds that the Court should credit D. Spritzer's $100,-000 settlement against L. Spritzer's $142,-145.68 restitution obligation. L. Spritzer argues that the government may not recover more than its actual loss. If the government collects $342,145.68 from L. Spritzer and $100,000 from D. Spritzer, the government's total recovery will be $100,000 above the government's actual loss. Therefore, L. Spritzer asks that this Court credit his restitution obligation by $100,000.

At the time of L. Spritzer's sentencing, he was aware that the USAO was negotiating a settlement with D. Spritzer as to the government's FCA claims against him. Nevertheless, at no time prior to or during his sentencing did L. Spritzer object to this Court's order of restitution without consideration of D. Spritzer's prospective settlement. Because L. Spritzer chose not to appeal his sentence, this issue was not raised on appeal.

## DISCUSSION

### I. L. Spritzer's Procedural Default

A petitioner who moves pursuant to section 2255 must satisfy certain procedural requirements before a court will hear the merits of his or her claim. Generally, a petitioner may not bring a section 2255 motion if he or she could have, but did not raise the issue on direct appeal. *See United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A section 2255 motion is not a substitute for a direct appeal. *See id.* Once an opportunity to appeal has been waived or exhausted, a court is entitled to presume that he stands "fairly and finally convicted." *See id.* at 164, 102 S.Ct. at 1592. Courts, however, recognize an exception to this rule, permitting petitioners to raise new issues upon a showing of: (1) good cause for the procedural default of not raising the claim on direct appeal; and (2) prejudice resulting from not being allowed to raise the issue on collateral attack. *See id.* at 168, 102 S.Ct. at 1594–95.

■ A petitioner's inability to show good cause precludes collateral review of his sentence. *See Felix v. Virgin Islands Gov't,* 702 F.2d 54, 57 (3d Cir.1983). Good cause in-

cludes inadequacy of counsel, change in the facts, or change in the law. *See Norris v. United States,* 687 F.2d 899, 903 (7th Cir. 1982). In *United States v. Kraemer,* 810 F.2d 173, 177 (8th Cir.1987), the Eighth Circuit placed the evidentiary burden of proving such changed circumstances on the moving party.

■■■ In the present case, L. Spritzer raises issues not brought on direct appeal; thus, he must demonstrate good cause for his procedural default. L. Spritzer asserts three arguments to excuse his lack of appeal. First, he states that his tumultuous relationship with his brother prevented him from finding out about D. Spritzer's settlement. Second, he claims that the USAO gave "cagey" responses to his attorney's requests for information regarding the D. Spritzer settlement. Finally, he purports that the government had an obligation to come forward with information regarding the D. Spritzer settlement at the time of petitioner's sentencing.

This Court finds that these excuses are insufficient to show cause for L. Spritzer's procedural default. L. Spritzer's first excuse is without merit; whether he had an amicable relationship with his brother is of no legal moment. The second excuse, which implies that the government attempted to mislead L. Spritzer's attorney, is unsubstantiated. The record lacks any sworn statements with respect to L. Spritzer's attorney's requests to the USAO for information regarding D. Spritzer's settlement. Similarly, any responses by the USAO to such requests are absent from the record. As for the third excuse, there is no indication that the government had any information regarding the D. Spritzer settlement that would have been of use to the Court at the time of L. Spritzer's sentencing. Moreover, because L. Spritzer was aware that the government was negotiating a settlement with D. Spritzer, he could have asked the Court, at least provisionally, to credit his restitution obligation when D. Spritzer settled with the government. That the government did not come forward with information regarding the D. Spritzer settlement does not excuse L. Spritzer's failure to raise this objection at his sentencing. Therefore, this Court finds that petitioner has waived his right to seek correction of his sentence.

## II. Petitioner's Restitution Obligation

This court notes that even if it were to overlook petitioner's procedural deficiencies, his argument that the restitution ordered by this Court exceeds the maximum allowed by law must fail. Because the law accommodates the imposition of civil penalties subsequent to an order of criminal restitution, *see United States v. Halper,* 490 U.S. 435, 442, 109 S.Ct. 1892, 1898–99, 104 L.Ed.2d 487 (1989), it would be inconsistent to also require a court to credit civil penalties against restitution. Thus, D. Spritzer's settlement with the government does not require the Court to reduce L. Spritzer's restitution obligation.

■■■ A court order of restitution pursuant to the VWPA, *see* 18 U.S.C. § 3663 (1996), does not explicitly preclude the subsequent imposition of civil penalties under the FCA.[1] *See Halper,* 490 U.S. at 442, 109 S.Ct. at 1898–99. Under the FCA, a person who presents a false claim to the government is liable to the government "for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person...." 31 U.S.C. § 3729(a) (1986). "[Treble] damages are necessary to compensate the government completely for the costs, delays, and inconveniences occasioned by fraudulent claims." *United States v. Bornstein,* 423 U.S. 303, 315, 96 S.Ct. 523, 530–31, 46 L.Ed.2d 514 (1976). Penalties imposed under the FCA are civil and do not constitute punishment; thus, the imposition of civil penalties subsequent to a court order of restitution does not facially violate the Fifth Amendment's double jeopardy clause. *See Halper,* 490 U.S. at

1. Moreover, the VWPA does not require courts to offset restitution with an award or settlement of civil damages. In 1996, amendments to § 3663 struck out former subsection (e), which had provided for an offset of restitution received by victims against amounts later recovered as compensatory damages by victims in civil proceedings. *See* 18 U.S.C. § 3663 (1996) (amending 18 U.S.C. § 3663 (1994)).

442, 109 S.Ct. at 1898–99. In the "rare case," however, a civil penalty may be so disproportionate to the damages caused as to constitute punishment. *See id.* at 449, 109 S.Ct. at 1902.

This Court's order of restitution did not preclude the imposition of civil penalties on either L. Spritzer or D. Spritzer. Although this Court credited L. Spritzer's settlement figure against his restitution obligation, the Court theoretically could have required L. Spritzer to pay full restitution in accordance with the government's actual loss ($342,-145.68) plus the $200,000 settlement. Likewise, the government's subsequent settlement with D. Spritzer was consistent with the FCA's provision for the recovery of damages in excess of actual loss.

 This Court is not required to further reduce L. Spritzer's restitution by crediting D. Spritzer's settlement against L. Spritzer's restitution obligation. As the law provides for the imposition of civil penalties subsequent to criminal restitution, *see Halper,* 490 U.S. at 442, 109 S.Ct. at 1898–99, it would be inconsistent to conversely require a court to credit civil penalties against restitution. Following L. Spritzer's sentencing, the government expected to recover an amount equal to its actual loss (i.e., $342,145.65), but well short of the amount it could have recovered pursuant to the FCA's provision for treble damages. Even after accounting for D. Spritzer's $100,000 settlement, the government's total recovery ($442,145.65) will remain below what the FCA's treble damages provision would allow. Furthermore, to credit L. Spritzer's obligation for D. Spritzer's settlement would defeat Congress's intent to provide "for civil recovery in excess of the Government's actual damages...." *See Halper,* 490 U.S. at 442, 109 S.Ct. at 1898. Thus, even if L. Spritzer's request for correction of this Court's restitution order was not procedurally barred, his request would be rejected on the merits.

### CONCLUSION

For the reasons set out above, the Court will deny L. Spritzer's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct

his sentence. An appropriate Order is attached.

### ORDER

In accordance with the Court's Memorandum Opinion filed herewith,

It is on this 23rd day of June, 1997

ORDERED that petitioner Lawrence Spritzer's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied.