## GOVERNMENT OF THE VIRGIN ISLANDS, IN THE MATTER OF: K. D., Respondent

Family No. IC 7/1999

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 29, 1999

Douglas Dick, Esq., St. Thomas, U.S.V.I., *Attorney for Government*

I.D., St. Thomas, U.S.V.I., *for Petitioner Pro Se*

HOLLAR, *Judge*

### MEMORANDUM OPINION

This matter is before the Court on an application for emergency commitment dated May 10, 1999 and a petition for involuntary commitment dated May 18, 1999. For reasons stated below, the application for emergency commitment is denied, and the petition for involuntary commitment is dismissed without prejudice.

### I. FACTS AND PROCEDURAL POSTURE

On May 10, 1999, petitioner, I. D., the mother of K. D., completed a pre-printed form captioned "Application For Emergency Com-

mitment". Notwithstanding the fact that the form was addressed to the *Administrator* of St. Thomas/St. Croix Hospital, petitioner filed the form *in this Court* on May 18, 1999. The application is alleged to be made pursuant to V.I. Code Ann. tit. 19, § 722.

In the application, petitioner asserted, *inter alia*, that her son, K. D., the person for whom commitment is being sought, hallucinates and speaks to himself. Even though petitioner suspected that K.D. was using drugs, she readily conceded that K.D. had no past psychological history, had not threatened, attempted, or inflicted physical harm on himself or another, and there was *no evidence that he was likely to do so*. The *ad damnum* clause of the application requested that the Administrator commit K.D. for emergency mental treatment for the period of time permitted under V.I. Code Ann. tit. 19, § 722(e).

Two (2) pre-printed forms captioned "Petition For Involuntary Commitment" and "Certificate of Psychiatric Examination" were completed and filed in Court in addition to the application for emergency commitment. The unsworn petition for involuntary commitment, dated May 18, 1999, alleged that K. D., the person to be committed: (1) was a mentally disturbed person, who habitually lacked self control due to his disturbed condition; and (2) was incapacitated by drugs. The "Certificate of Psychiatric Examina-tion", prepared by Dr. Leighman Lu, and dated May 18, 1999 certified that K. D., the person to be committed, *"will be"* examined upon admission, within the time prescribed by V.I. Code Ann. tit. 19, § 723. Dr. Lu further certified that he found K.D. to be demonstrating aberrant behavior requiring emergency treatment, and that this finding was evidenced by the statement of *K.D.'s mother, the petitioner*. Contrary to the petitioner's assertions, how-ever, Dr. Lu certified that K. D. *was likely to inflict physical harm on himself or another*, unless committed.

## II. DISCUSSION

In an effort to address the application and petition, this Court will address the following issues: (1) whether this Court has any jurisdiction over an application for emergency commitment, pur-suant to V.I. Code Ann. tit. 19, § 722; (2) whether a person may be committed to the custody of the Department of Health *by the Court,*

pursuant to *V.I. Code Ann. tit 19. § 23(c)*, for the purpose of a diagnostic evaluation and treatment, *before* a hearing is conducted on the petition for involuntary commitment; and (3) whether a certificate of a licensed physician or mental health professional stating that the person to be committed "will be examined on admittance" satisfies the requirements of V.I. Code Ann. tit. 19, § 723(a).

### A. This Court Lacks Jurisdiction Over An Application For Emergency Commitment

V.I. Code Ann. tit. 19, Chapter 31 provides for two methods for the involuntary commitment of a person. V.I. Code Ann. tit. 19, § 722 outlines the procedures required to have a person involuntarily committed to an approved public treatment facility for *emergency* treatment. The provision contemplates action to be taken by an *Administrator* for a *very short period of commitment*. Subsection (e) clearly states, in part, "No person committed under this section may be detained in any treatment facility for more than *five days*, not including holidays and weekends." V.I. Code Ann. tit. 19, §§ 723, on the other hand, outlines the procedures required for the *Court* to involuntarily commit a person to the custody of the Department of Health for an indefinite period or time certain.

Because these two sections are distinguishable by the source and the type of relief each affords, this Court is aghast at what appears to be a mix-and-match approach, employed by many, in applying these statutes.

Section 722 confers absolutely no authority upon the Court to act. All authority contained in § 722 is given to the Administrator of the approved public treatment facility. Under subsection (b), the emergency commitment process begins with a written application *directed to the Administrator* of an approved public treatment facility. The written application must be filed by the guardian, a spouse, the certifying physician or mental health professional, a relative of the person to be committed, or any other responsible person with personal knowledge of such person, and establish reasonable grounds to believe that the person whose commitment is sought is mentally disturbed to the extent that

*emergency commitment and treatment* is required to protect that person, or others, from danger of physical harm or injury. Reasonable grounds sufficient to warrant commitment may be established by alleging that the person to be committed is a mentally disturbed, intoxicated, or a drug dependant person who either (1) has threatened, attempted, or inflicted physical harm on himself or another and is likely to inflict physical harm on himself or another unless committed, or (2) is incapacitated by alcohol or drugs. V.I. Code Ann. tit. 19, § 722(a).

Immediately after the application has been received by the *Administrator*, a *mental health professional* must undertake an *evaluation* of the person to be committed. This evaluation *may take place either in the field, in the home, or in the public treatment facility.* Commitment for the purpose of examination and emergency treatment is mandated upon a determination by the mental health professional that the person poses a danger of physical harm to himself, or to others, or of damage to property. V.I. Code Ann. tit. 19, § 722(b).

Once the threshold determination is made, Section 722 confers upon *the Administrator or mental health professional of the approved public treatment facility* the authority to request that a peace officer take the person to an approved treatment facility for emergency examination and/or treatment by a licensed psychiatrist, or, if one is not readily available, by a physician.

Upon arrival to the facility for emergency examination and/or treatment, the person taken into custody must be examined by an emergency room [psychiatrist or] physician *within two (2) hours* of his/her arrival in order to determine whether the person is either severely mentally disturbed, or disabled and in need of immediate treatment. If the psychiatrist or physician determines that the person poses a danger of harm or injury to himself or others, and that he/she is in need of emergency treatment, *the psychiatrist (or physician) must so certify by filing a written certification to that effect.* V.I. Code Ann. tit. 19, § 722(c).

Only after the psychiatrist or physician has certified that the person to be committed poses a danger of physical harm or injury to himself and others, may the individual be detained at the

treatment facility.[1] The person sought to be committed may be detained for only forty-eight (48) hours unless a psychiatrist determines that an extension is advisable. In that event, the period of detention may be extended an additional *three (3) days*, for a maximum detention of five (5) days, exclusive of holidays and weekends.

Upon the expiration of the five (5) day maximum period, any further detention is permitted only by Court order, and only pursuant to Section 723. However, under V.I. Code Ann. tit. 19, § 722(e), if a petition for involuntary commitment under section 723 has been filed in Court within five (5) days of emergency commitment under section 722, *and* the Administrator in charge of an approved public treatment facility finds that grounds for emergency commitment still exist, *the Administrator* may then detain the person until the petition has been heard and determined, *but no longer than ten days after the date the petition for involuntary commitment was filed in Court.*

## B. A Person May Not Be Committed To The Custody Of The Department Of Health Pursuant To V. I. Code Ann. tit. 723 (c) Before The Court Has Conducted A Hearing

An involuntary commitment for a time certain or indefinite time begins with the filing of a petition for involuntary commitment with the court. The petition, filed pursuant to V.I. Code Ann. tit. 19, § 723, must allege that the person is mentally disturbed, or an alcoholic, or drug dependent and habitually lacks self control due to his/her disturbed condition or use of alcoholic beverages or drugs, and that he/she has either (a) threatened, attempted, or inflicted physical harm on himself or another and unless committed is likely to inflict physical harm on another, or (b) is incapacitated by drugs or alcohol.

*Pursuant to V.I. Code Ann. tit. 19, § 723(a)*, a spouse, guardian, relative, certifying physician (if there is one), mental health pro-

---

[1] Once the individual is detained, it is the Administrator's obligation to provide the person with a copy of the written application for commitment and of the physician's certificate and a written explanation of the persons right to counsel, within twenty-four hours following commitment. The individual must also be given a reasonable opportunity to consult with counsel. V.I. Code Ann. tit. 19, § 722(f).

fessional, or Administrator in charge of any approved public treatment facility may file a petition for involuntary commitment, however, the petition *must be accompanied by a certificate of a licensed physician or mental health professional who has examined the person within two (2) days before submission of the petition,* and it *must* contain the physician or mental health professional's *findings in support of the allegations of the petition.* If the person whose commitment is sought *refuses to submit to a medical examination,* a certificate of a licensed physician or mental health professional need not accompany the petition. However, the fact of such refusal *must* be alleged in the petition.

Once a petition for involuntary commitment meets the statutory requirements, the Court *is authorized only to schedule a hearing on the petition* within *two (2) days.* The petitioner, as well as the person whose commitment is sought, his/her next of kin other than petitioner, a parent, the Administrator of an approved public treatment facility, and any other person the court deems advisable, *must all be served with a copy of the petition and of notice of the hearing, including the date fixed by the court.* V.I. Code Ann. tit. 19, § 723 (b).

At the hearing, the court is required to examine the person. The attendance of the person whose commitment is sought is usually required. If an open court examination is not feasible, the court must then examine the person out of court. If the person has previously refused to be examined by a licensed physician or mental health professional, he must be given an opportunity to be examined by a court-appointed licensed physician or mental health professional. At the conclusion of the hearing, the court *may* enter a temporary order committing the person to the Department of Health for up to five (5) days for purposes of a *diagnostic* examination if the person whose commitment is sought has refused, prior to the hearing, to be examined by a licensed physician or mental health professional, and, at the hearing, refuses to be examined by a court appointed licensed physician or mental health professional, *and* there exists sufficient evidence to believe that the allegation of the petition are true, or the court believes that more medical evidence is necessary. V.I. Code Ann. tit. 19, § 723(c).

■ If the court finds that grounds for involuntary commitment have been established by *clear and convincing proof*, it must make an order of commitment to the Department of Health. *However, the court cannot order the commitment of a person unless it determines that the Department of Health is able to provide adequate and appropriate treatment for the person, and that the treatment is likely to be beneficial.* V.I. Code Ann. tit. 19, § 723(d).

## C. A Certificate of A Licensed Physician Or Mental Health Professional Which States That The Person To Be Committed "Will Be Examined On Admittance", And Which Bears A Date Of Execution Which Is The Same As The Date Of the Filing Of The Petition, Does Not Satisfy The Requirement Of V.I. Code Ann. tit. 19, § 723(a).

A petition for involuntary commitment which may otherwise satisfy the requirements of V.I. Code Ann. tit. 19, § 723(a), may nevertheless be defective because the Certificate of Psychiatric Examination fails to certify that a physician or mental health professional *has examined* the person whose commitment is sought *within two (2) days before the petition is filed.* V.I. Code Ann. tit. 19, § 723(a), states in pertinent part:

> "The petition shall be accompanied by a certificate of a licensed physician or mental health professional who *has examined the person within two days before submission of the petition . . ."* (Emphasis Provided).

In the case under consideration, the petition for involuntary commitment was filed on May 18, 1999, however, the Certificate of Psychiatric Examination, appended to the petition, also dated May 18, 1999, merely contended that the person, K. D., *will be* examined by the psychiatrist *on admission.* Obviously, the psychiatrist had not yet examined the patient. Therefore, the requirement that the person to be involuntarily committed be examined within two days before the submission of the petition was not fulfilled.

■ Because the Certificate of Psychiatric Examination fails to comport with the statutory requirement, together with the absence of any allegation that the person sought to be committed *refused* to

63

be examined, the petition for involuntary commitment must be dismissed for insufficiency.

## III. CONCLUSION

An application for emergency commitment filed pursuant to V.I. Code Ann. tit. 19, § 722 is within the exclusive jurisdiction of the Administrator of the approved public treatment facility. The Court is therefore devoid of any jurisdiction to act in that regard. Any attempt by the Court to entertain an application for *emergency* commitment would constitute an impermissible usurpation of power.

On the other hand, a legally sufficient petition for involuntary commitment filed pursuant to V.I. Code Ann. tit. 19, § 723 is within the sole jurisdiction of the Court. The petition filed in this case, however, is fatally defective because the Certificate of Psychiatric Examination does not meet the statutory requirements and the petition is void of any contention that the person to be committed refused to be examined.

Dated: June 29, 1999