**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant/Plaintiff**
**v.**
**SELVIN DURANT, Appellee/Defendant**

S. Ct. Crim. No. 2007-074

Supreme Court of the Virgin Islands

January 15, 2008

TIFFANY V. ROBINSON, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *Attorney for Appellant.*

HAROLD WILLOCKS, ESQ., Chief Territorial Public Defender, St. Croix, U.S.V.I., *Attorney for Appellee*[1].

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and ROSS, *Justice Pro Tem*[2].

## OPINION OF THE COURT

(January 15, 2008)

Appellant, the Government of the Virgin Islands (hereafter the "Government"), challenges the Superior Court's order dismissing the charges against Selvin Durant (hereafter "Durant") with prejudice and releasing him from custody. For the reasons stated below, we will reverse the trial court's dismissal and release order.

## I. BACKGROUND

During the evening of July 12, 2002, Durant and Bruning Bentick (hereafter "Bentick") were allegedly involved in a dispute outside Bentick's Liquor Store in Christiansted, St. Croix. According to witnesses, Bentick asked Durant why he was loitering outside his store

---

[1] Appellee, although opposing the motion to stay filed in this court by the Government of the V.I., did not file a brief in this appeal.

[2] Associate Justice Maria M. Cabret was recused from this matter, and Judge Edgar D. Ross, a Retired Judge of the Superior Court, sits in this matter by designation pursuant to V.I. CODE ANN. tit 4 § 24(a).

and, in response, Durant made "animal-like" growling sounds. After Bentick called out to Durant to prevent him from following a female employee, Durant punched Bentick in the head causing him to fall backwards, head-first, onto the street. Bentick suffered injuries as a result of the fall and died at the hospital three days later from a subdural hematoma.

Durant was charged in two separate Superior Court actions with Assault in the First Degree (Super. Ct. Crim. No. 227-2002) and Voluntary Manslaughter (Super. Ct. Crim. No. 258-2002). At a June 20, 2003 competency hearing, Durant was determined to be mentally incompetent and unfit to stand trial. Durant was thereafter placed in the custody of the Virgin Islands Attorney General, who was ordered to identify a facility for his treatment within sixty days, and to provide treatment and counseling until his transfer to such facility. As a result of numerous continuations, Durant remained in the Golden Grove Correctional Facility on St. Croix for nearly two years following the competency hearing. During that time, the Attorney General provided the court, upon the court's prompting, with updates on Durant's status and the plans for Durant's transfer to a treatment facility but, ultimately, each plan for transfer failed to materialize. Thereafter, the case remained inactive between May 2005 and February 9, 2007, the date on which a hearing was ordered *sua sponte* by the trial court.

At the February 9, 2007 hearing, Durant submitted a "Motion for Release and to Assert Title 19 V.I.C. 3637 Unconstitutional."[3] On May 10, 2007, the Superior Court issued a memorandum opinion holding that the Government had violated Durant's procedural due process rights by failing to afford him a hearing as required by 18 U.S.C. § 4246(a) in order to establish whether a lengthier commitment was warranted. Ultimately, the trial court ordered the Government to release Durant from custody and dismissed the charges against him in both cases with prejudice. The court stayed its dismissal and release order for thirty days to permit the Government to take any appropriate action. On June 11, 2007, the Government filed a "Motion for Stay of Order Pending Appeal" with this Court, which was granted on August 9, 2007. Durant was ordered to

---

[3] The trial judge noted in Super. Ct. Crim. No. 258-2002 that Durant's counsel must have intended to cite to Title 5 rather than Title 19. (J.A. at 19.)

remain in custody and the dismissal of the charges was stayed pending resolution of this appeal.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

This court has several bases for jurisdiction over the Superior Court's final order dismissing the charges and releasing Durant from custody. First, "[t]he Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). Second, "[i]n a criminal case an appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision, judgment, or order of the Superior Court dismissing an indictment or information or otherwise terminating a prosecution in favor of the defendant . . ." 4 V.I.C. § 33(d)(1). Finally, "[a]n appeal by the Government . . . shall lie to the Supreme Court from a decision or order, entered by the Superior Court, granting the release of a person charged with or convicted of an offense . . . ." 4 V.I.C. § 33(d)(3).

This Court's standard of review when examining the Superior Court's dismissal of a prosecution with or without prejudice is abuse of discretion. *Gov't of the V. I. v. Allick*, 48 V.I. 503, 507 (D.V.I. 2006) (citing *U. S. v. Giambrone*, 920 F.2d 176, 180-82 (2d Cir. 1990). Review of the Superior Court's application of law, however, is plenary. *St. Thomas-St. John Board of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

### B. The Application of Federal Substantive Law was an Impermissible use of the Superior Court's Rule-Making Authority

The trial court identified the main issue before it as "whether Durant ha[d] been detained at [the] Golden Grove Correctional Facility in violation of his procedural due process rights under the Fourteenth Amendment of the United States Constitution." (J.A. at 21.) In establishing the standard by which it would evaluate Durant's due process rights, the court stated:

> The Virgin Islands procedure for determining the mental competency of a party accused of a criminal offense is governed by the Federal Rules of Criminal Procedure and Title 18, Chapter 313 of the United States Code. The Federal Rules of Criminal Procedure are made ap-

plicable to the Superior Court of the Virgin Islands by Superior Court Rule 7 . . . .[4]

(J.A. at 21.) The court concluded that, because Rule 12.2(c)(1)(A) of the Federal Rules of Criminal Procedure provides that a court may order a defendant to submit to a competency examination under 18 U.S.C. § 4241, the provisions of Title 18, Chapter 313 of the U. S. Code establishes Durant's procedural due process rights.

Ultimately, the trial court based its decision to dismiss both cases with prejudice and to release Durant *solely* upon its determination that Durant's due process rights were violated by the Government. In so concluding, however, the Superior Court applied substantive federal law provisions to establish Durant's rights. The court interpreted Superior Court Rule 7 as authorizing the application of Rule 12.2(c)(1)(A) of the Federal Rules of Criminal Procedure which references 18 U.S.C. § 4241. Section 4241, in turn, references Sections 4246 and 4247, both of which the trial court found to be applicable to Durant and binding on the Virgin Islands Attorney General. In particular, because a Section 4246(a) hearing[5] was not conducted to determine the propriety of maintaining custody of Durant, the trial court ordered the release of the mentally incompetent defendant and dismissed the charges against him with prejudice.

---

[4] Rule 7 of the Superior Court Rules reads in full: "The practice and procedure in the [Superior] Court shall be governed by the Rules of the [Superior] Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence."

[5] 18 U.S.C. § 4246(a) authorizes the director of the facility in which the defendant is hospitalized to certify that (1) the defendant is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," and that (2) "suitable arrangements for State custody and care of the person are not available." Upon the filing of such a certificate, the court shall hold a hearing to determine whether the person is dangerous as alleged. If the court finds by clear and convincing evidence that defendant's condition satisfies the Section 4246(a) criteria, it shall commit the defendant to the custody of the Attorney General pursuant to Section 4246(d) until such time as (1) the state assumes control over his treatment, or (2) he no longer poses a substantial risk of harm. 18 U.S.C. § 4246(d).

■ Although not directly raised by the parties on appeal,[6] we will *sua sponte* determine if the trial court was correct in applying Title 18, Chapter 313 of the U.S. Code to establish Durant's procedural due process rights. "'The Court has the power to notice a 'plain error' though it is not assigned or specified . . . . In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *U.S. v. Bendolph*, 409 F.3d 155, 161 (3d Cir. 2005) (citation omitted).

■ The Insanity Defense Reform Act, enacted by Congress, is codified at 18 U.S.C. §§ 4241-4248. The provisions of Title 18, Chapter 313 of the U.S. Code establish an extensive legal process for dealing with mentally incompetent defendants charged with or convicted of federal crimes. In this chapter, Congress has established specific rights for certain federal defendants and imposed specific duties and obligations on the United States Attorney General, the treating federal medical facilities, and the federal courts. Notably, Chapter 313's provisions are *substantive* law enacted by Congress dealing with mentally-impaired defendants charged with *federal* crimes. *See, e.g.*, *Greenwood v. U.S.*, 350 U.S. 366, 373, 76 S. Ct. 410, 414 100 L. Ed. 412 (1956) ("The statute deals comprehensively with those persons charged with federal crime who are insane or mentally incompetent to stand trial."); *Royal v. U.S.*, 274 F.2d 846, 851 (10th Cir. 1960) ("only those charged with federal offenses would fall within the ambit of these provisions"); *U.S. v. Sahhar*, 917 F.2d 1197, 1203 (9th Cir. 1990) ("Section 4246 thus is narrowly tailored to

---

[6] The trial court indicated that the Government moved the court for Durant's mental examination and "properly cited the provisions of § 4241(a) as the basis for the request." (J.A. at 5.) However, the court also noted that during closing arguments at the competency hearing the Government argued that Durant's incapacity should be disposed of pursuant to 5 V.I.C. § 3637. *Id.* at 13. The court also noted that defense counsel sought to have § 3637 of Title 5 declared unconstitutional and cited to Title 19 of the Virgin Islands Code as the proper statute for relief. *Id.* at 14. The trial court rejected Durant's arguments, stating that: "[d]espite correctly noting the inapplicability of § 3637, Defendant's counsel mistakenly asked the Court to require the Government to pursue civil commitment proceedings, which are available under Title 19 V.I. CODE ANN. §§ 722-723 (1957) . . . . A proper request would have invoked the provisions of 18 U.S.C. §§ 4241-4248 under the legal authorities articulated herein." *Id.* It therefore appears that both parties sought to have Durant's incompetency addressed under local law, but the court rejected that approach and relied instead on federal law.

apply only to a particular concern of the federal government[ ]: dangerous persons charged with federal crimes but found incompetent to stand trial."). We must therefore determine whether these substantive federal provisions can be applied to defendants charged in the Superior Court with violations of Virgin Islands law through Superior Court Rule 7.

■ The Superior Court's authority to adopt rules is derived from the Revised Organic Act of 1954 (hereafter "ROA"). According to Section 21(c) of the ROA, "[t]he rules governing the *practice and procedure* of the courts established by local law . . . shall be governed by local law or *the rules promulgated by those courts.*" 48 U.S.C. § 1611(c) (emphasis added). The ROA authorizes the local courts to create only *procedural* rules, not substantive ones. *In re: Richards,* 213 F.3d 773, 783-84, 42 V.I. 469 (3d Cir. 2000). In fact, Rule 7 of the Superior Court Rules acknowledges this fact by clearly stating that the applicable rules govern *"[t]he practice and procedure* in the Superior Court." (emphasis added).

■ Accordingly, we must determine whether the trial court's application of Rule 12.2(c)(1)(A) of the Federal Rules of Criminal Procedure and the federal statutes encompassed by the Rule was an improper application of a substantive rule of law or a permissible application of a procedural rule. A procedural rule "'regulates . . . the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'" *Hanna v. Plumer,* 380 U.S. 460, 464, 85 S. Ct. 1136, 1140, 14 L. Ed. 2d 8 (1965) (quoting *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S. Ct. 422, 426 85 L. Ed. 479 (1941)). "A substantive rule of law[, on the other hand,] creates and defines the rights, duties, and obligations that are subsequently administered by procedural rules of law." *In re Richards,* 52 F. Supp. 2d 522, 528, 40 V.I. 161 (D.V.I. 1999), *aff'd in part and rev'd in part, In re: Richards,* 213 F.3d 773, 42 V.I. 469 (3d Cir. 2000) (citing *Hanna,* 380 U.S. at 464). "While a procedural rule may affect a substantive right, any such effect must be incidental and may not materially modify a right granted by the substantive rule of law." *Id.*

■■ In the instant matter, Rule 12.2(c)(1)(A) of the Federal Rules of Criminal Procedure refers the court to provisions of Title 18, Chapter 313 of the U.S. Code. Those provisions direct the *United States* Attorney General to provide enumerated rights to mentally incompetent defendants. As such, the provisions of Title 18, Chapter 313 are

unmistakably substantive in nature[7] because they create and define the rights, duties, and obligations afforded to incompetent federal defendants that are to be administered by federal procedural rules of law. Therefore, the trial court's use of Superior Court Rule 7 as a conduit to apply Federal Rule of Criminal Procedure 12.2(c)(1)(A), and thereby incorporate the substantive federal statutory provisions of Chapter 313, was an unauthorized exercise of the Superior Court's rule-making authority. *See In re Richards*, 52 F. Supp. 2d at 528 ("Since it [is] a substantive rule and not a procedural rule, Rule 128(b) exceeds the authority of the [Superior] Court and is therefore ultra vires and void."). It is important to note that the use of Federal Rule 12.2 through Superior Court Rule 7 is not in itself substantive in nature. As a whole, Rule 12.2 establishes a procedure requiring defendants to give notice of the intent to use the defense of insanity or offer expert testimony of mental defense or defect. It does not deal with incompetence to stand trial, as that issue is governed by statute, particularly 18 U.S.C. §§ 4241-4248. *See* FED. R. CRIM. P. 12.2, Advisory Committee Notes ("This rule does not deal with the issue of mental competency to stand trial.").

 Federal Rule of Criminal Procedure 12.2(c)(1)(A), the clause at issue here, provides that "[t]he court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241." Problematically, the Superior Court relied on that particular clause to apply the substantive federal provisions of Chapter 313 to establish Durant's due process rights and to conclude that the violation of those rights justified an order of dismissal of the charges and his release from custody. When the Superior Court avails itself of Rule 12.2(c)(1)(A) to venture into the realm of substantive federal statutory law, through application of its Rule 7, the court violates the procedural rule-making authority conferred on local courts by the ROA. Such violation permits the importation of federal substantive law to local cases. Therefore, Rule 7 as applied to Federal

---

[7] The provisions of Title 18, Chapter 313 of the U.S. Code, and provisions dealing with detention of mentally incompetent defendants generally, are substantive in nature. *See, e.g.*, *U.S. v Perry*, 788 F.2d 100, 112-13 (3d Cir. 1986) ("there is a substantive liberty interest in freedom from confinement" and "a demonstration of dangerousness justifies deprivation of liberty by civil commitment without offending the substantive due process limitation upon government"); *U.S. ex rel. Smith v. Baldi*, 192 F.2d 540, 544 (3d Cir. 1951) ("According to [Pennsylvania] substantive law a man has the right not to stand trial or pay the penalty for an act if his mental condition is not such as to fulfill the legal test of 'sanity.'").

Rule of Criminal Procedure 12.2(c)(1)A is not a permissible rule of "practice and procedure" authorized by the ROA but, rather, a prohibited substantive rule of law. *See generally, In re: Richards*, 213 F.3d at 783-84.

■ The Superior Court cannot adopt and apply substantive federal law through the court's rule-making authority. Only the Legislature of the Virgin Islands has such lawmaking authority. *In re: Richards*, 213 F.3d at 783; Revised Organic Act of 1954 §§ 5, 8(a). As the Third Circuit Court of Appeals aptly stated in *In re: Richards,* the Superior Court must give deference to the Legislature's power to create substantive law and may not itself exercise that lawmaking power.[8] *Id.* Specifically, the Third Circuit therein held that the then newly-promulgated Superior Court Rule 128(b) exceeded the court's rule-making power conferred by the ROA as it permitted the usurpation of the Executive branch's common law power to dismiss prosecutions. *See id.* at 784. The Superior Court may not therefore, through its rules, import substantive federal laws for use in local cases pending before it. In this instance, the Virgin Islands Legislature has enacted several substantive laws that provide for the rights of mentally incompetent persons, including defendants, within the Virgin Islands.[9] Application of Title 18, Chapter 313 of the U.S. Code through the use of Superior Court Rule 7, ignores the substantive laws dealing with mentally incompetent persons that have been enacted by the Virgin Islands Legislature.[10] It also ignores the fact that this is an area of

---

[8] ■ In *Smith v. Magras,* the Third Circuit Court of Appeals held that the doctrine of separation of powers applies to the branches of the Virgin Islands government. 124 F.3d 457, 465, 37 V.I. 464 (3d Cir. 1997).

[9] Contrary to the trial court's finding, 5 V.I.C. § 3637 applies not only to persons committed to a forensic unit who have been found not guilty by reason of insanity, but also to those committed "otherwise in accordance with law." *See* 5 V.I.C. § 3637(b). Moreover, Chapter 45 of Title 19 provides for the commitment and release of "[a]ny patient held on order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense." 19 V.I.C. § 1201(c); *see also* 19 V.I.C. § 1202 (regulating procedure regarding mentally ill prisoners). Additionally, Section 723 of Title 19 provides for the involuntary commitment of mentally disturbed, alcoholic and drug dependent persons.

[10] In fact, the local substantive laws at issue here differ from their federal counterparts. For instance, while 18 U.S.C. § 4246(e) requires a showing by a preponderance of the evidence that the defendant no longer poses a "substantial risk of bodily injury to another person or serious damage to property of another," 5 V.I.C. § 3637(b) requires the court to "weigh the evidence . . . [to determine if] . . . such person has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations will not in the reasonable future be dangerous to himself or others." Also, 19 V.I.C. § 723(d) requires clear and con-

the law where the Legislature has clearly legislated and has not surrendered its law-making authority to the judiciary. The trial court should have considered local statutory provisions and not the rights created by federal statutes for federal defendants. The trial court erred in utilizing the court's procedural rule-making authority to adopt and apply the substantive provisions of Title 18, Chapter 313 of the U.S. Code in a case where the defendant was charged in a Virgin Islands court with violations of Virgin Islands law.[11] Since the trial court based its decision to dismiss the charges and to release Durant on its perceived violations of and noncompliance with federal substantive law, which was improperly imputed by court rule, we will reverse the order of dismissal and release, and remand to the Superior Court for proceedings consistent with this opinion.[12] In light of this conclusion, we need not decide whether the trial court abused its discretion in dismissing the charges with prejudice.

---

vincing proof for commitment and 19 V.I.C. § 1132(c) permits a mentally incompetent person the right to a jury trial to determine competence.

[11] It should be noted that the trial court merely substituted those duties placed on the United States Attorney General by Title 18, Chapter 313 for those to be placed on the Virgin Islands Attorney General. Although the carrying out of those duties would require the expenditure of monies, no such appropriation was or could be made by the trial court as only the Virgin Islands Legislature has the authority to appropriate funds.

[12] In so holding, this Court fully recognizes that it is well-settled that the "criminal trial of an incompetent defendant violates due process." *See Medina v California*, 505 U.S. 437, 453, 112 S. Ct. 2572, 2581, 120 L. Ed. 2d 353 (1992). This "prohibition is fundamental to an adversary system of justice." *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 904, 43 L. Ed. 2d 103 (1975). Moreover, we acknowledge that "[t]le deep roots and fundamental character of the defendant's right not to stand trial when it is more likely than not that he lacks the capacity to understand the nature of the proceedings against him or to communicate effectively with counsel mandate constitutional protection." *Cooper v. Oklahoma*, 517 U.S. 348, 368, 116 S. Ct. 1373, 1383, 134 L. Ed. 2d 498 (1996). Although *Jackson v. Indiana* establishes that due process is also concerned with the length of time a mentally incompetent defendant can be detained, *Jackson* is not implicated until the court below analyzes Durant's substantive rights under the proper standard. *See* 406 U.S. 715, 738, 92 S. Ct. 1845, 1858, 32 L. Ed. 2d 435 (1972) (holding, in relevant part, that due process is violated when the state holds a defendant indefinitely based upon his lack of capacity to stand trial because the defendant may be held for no longer than the reasonable period necessary to determine his likelihood of regaining competency). By relying almost exclusively on perceived violations of 18 U.S.C. §§ 4246 and 4247, the court erred in its determination of Durant's due process rights entitlement.

## III. CONCLUSION

Because the Superior Court improperly relied upon substantive federal law in determining Durant's due process rights, the court committed clear legal error when it dismissed the charges against Durant with prejudice and ordered his release. Accordingly, we reverse the Superior Court's dismissal and release order, and remand the matter for a disposition consistent with this opinion.