**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ARTHUR BEVAN NILES, Defendant**

No. 67-1968

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 10, 1969

*See, also, 295 F.Supp. 266*

ALMERIC L. CHRISTIAN, United States Attorney, *for plaintiff*

ALPHONSO A. CHRISTIAN, ESQ., *for defendant*

STALEY, *Circuit Judge*

---

* Sitting by designation.

On February 7, 1969, this court held a hearing to determine the competency of Arthur Bevan Niles to stand trial for crimes that he is alleged to have committed. During the course of the hearing defendant declared that he intended to defend himself if the court found him competent to stand trial. Consequently, the court must also determine whether the defendant is competent to waive his right to counsel. Westbrook v. Arizona, 384 U.S. 150 (1966).

The test to determine an accused's competency to stand trial was enunciated in Dusky v. United States, 362 U.S. 402 (1960), where the Supreme Court stated that the trial court must determine

"whether he [the accused] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

After listening to the testimony of the psychiatrists and the prison warden, the court believes that the defendant is competent to stand trial. The fact that he may be suffering from paranoia does not in this case mean that the defendant is unable to cooperate with counsel. See Lyles v. United States, 254 F.2d 725, 729–730 (C.A. D.C., 1957), cert. denied, 356 U.S. 961 (1958).

As for defendant's competency to waive counsel, the court is of the opinion that one who may be suffering from paranoid delusions should not be entrusted with the sole conduct of his defense. Defendant is charged with first degree murder as well as other serious felonies, and in compliance with the court's protecting duty, the court will appoint counsel to defend the accused against these charges.

The court finds it necessary that appointed counsel con-

tinue as defendant's counsel and appoints Croxton Williams as co-counsel for the defendant with his present counsel, Alphonso Christian. If the defendant's condition or circumstances should change between now and the trial of this case, of course the judge who will preside at the trial may wish to and can make additional or different findings.

