**In the Matter of the Apprehension of David LAWAETZ, Appellant.**

**No. 82–3447.**

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1983.

Decided March 2, 1984.

Jarilyn Dupont (argued), Dallas, Tex., Archie Jennings, Legal Services of the Virgin Islands, Charlotte Amalie, St. Thomas, V.I., for appellant.

George W. Cannon, Jr. (argued), Asst. Atty. Gen., Dept. of Law, Christiansted, St. Croix, V.I., for appellee.

Before HUNTER, WEIS, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellant David Lawaetz ("Lawaetz") was declared mentally ill and committed to the custody of the Commissioner of Health of the Virgin Islands pursuant to an order of the District Court of the Virgin Islands. On appeal he challenges the facial validity and the actual application of the statute under which his status was adjudicated. Lawaetz also asserts an equal protection claim based on the apparent co-existence of two different statutory methods for determining mental illness and ordering commitment. Lawaetz argues that the standards under the statute applied in this case, 19 V.I.C. §§ 1131–1143 (1976) ("the old Act"), are less demanding than the substantive and procedural requirements of a more recent act dealing with the same subject matter. See Act of August 5, 1977, No. 4039, § 1, 1977 V.I.Sess.L. 218 (codified at 19 V.I.C. §§ 710–729 (Supp.1982)) ("the new Act").

Upon reviewing the entire record of proceedings below, we can find no substantive or procedural violation of Lawaetz's constitutional right to due process of law. We need not decide whether the existence of two avenues for adjudicating mental illness violated the equal protection clause, because we hold that sections 710 through 729 of Title 19 repeal the conflicting provisions of the old Act. Accordingly, we will affirm the order of the district court.

### I.

These proceedings began when a judge of the Territorial Court of the Virgin Islands issued a warrant for the apprehension of Lawaetz. This was done at the request of the Attorney General of the Virgin Islands and Lawaetz's sister. See 19 V.I.C. § 1131(a) (1976). Lawaetz was thereafter certified to the custody of the Commissioner of Health pending commencement of further judicial proceedings. See id. § 1132(a). In accordance with normal practice, the Territorial Court transferred this case to the district court, after appointing an attorney to represent Lawaetz.

The district court ordered the temporary commitment of Lawaetz for fifteen days, see id., and subsequently extended that commitment for approximately thirty days. The court, sitting without a jury, held a plenary hearing on August 18, 1982. La-

waetz was not present at those proceedings. After hearing testimony presented by both parties, the court determined that Lawaetz suffered from a specific mental illness, that his mental illness created a danger of physical harm to himself and others, that his propensity for violence was greater when he was not under medication, and that no reasonable alternative to long-term institutional care existed. Accordingly, Lawaetz was adjudicated mentally ill and institutionalized.[1]

Although represented by counsel throughout these proceedings, Lawaetz has not argued that the district court's commitment order should be reversed because the *wrong* statute was applied. Lawaetz never suggested, either below or on appeal, that the new Act had repealed the old. Thus, although such is our holding in Part II *infra,* we will not reverse on those grounds. Nor does Lawaetz claim that he was afforded fewer procedural or substantive rights than the old Act requires by its express terms. Rather, he attacks the statute under which the district court proceeded (the old Act), and the procedure by which he was committed, on constitutional grounds alone.

■ We first address Lawaetz's due process arguments. He contends that the old Act was unconstitutional on its face and that we must review his commitment without reference to the due process safeguards, both procedural and substantive, that were engrafted onto the statute by the district court.[2] We reject that contention. *See Government of the Virgin Islands v. Wallace,* 679 F.2d 1066, 1070 (3d Cir.1982). Lawaetz concedes that the procedural and substantive safeguards recited by the district court would, if actually observed, satisfy the requirements of due process. [Brief for Appellant at 14, 17]. Thus, we need only inquire whether the district court remained true to the course it laid out. *See supra* note 2. We find that it did.

■ Lawaetz's principal challenge to the commitment proceedings below is the district court's rejection of his motion to be present in the courtroom without medication. The court below correctly observed that the presence of the person alleged to be mentally ill is an important procedural safeguard. *See supra* note 2; *compare* 19 V.I.C. § 1133 (1976) (presence not required unless considered advisable by the court),

1. The district court continued to review the status of Lawaetz. On February 28, 1983, the court ordered his release from institutional care. This appeal is not moot, however, because Lawaetz remains under a continuing obligation to report to the Commissioner of Health for outpatient treatment under the terms of the February 28 order. That obligation being rooted in the proceedings challenged here, a case or controversy continues to exist. *Gov't of V.I. v. Wallace,* 679 F.2d 1066, 1068 n. 2 (3d Cir.1982); *see also Vitek v. Jones,* 445 U.S. 480, 486–87, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980).

2. Relying on *Suzuki v. Quisenberry,* 411 F.Supp. 1113 (D.Hawaii 1976), the court below expressly recognized that Lawaetz was entitled to the following "procedural" protections:
    (1) adequate prior notice;
    (2) a prior hearing before a neutral judicial officer;
    (3) the right to effective assistance of counsel;
    (4) the right to be present at the commitment hearing in appropriate circumstances;
    (5) the right to cross-examine witnesses and offer evidence;

    (6) adherence to the appropriate provisions of the Federal Rules of Evidence and the Federal Rules of Civil Procedure;
    (7) the right to testify in his own behalf;
    (8) proof by clear and convincing evidence of every element necessary for commitment;
    (9) consideration of less restrictive alternatives to commitment and confinement;
    (10) the right to appellate review;
    (11) availability of the record of proceedings and findings of fact for use on appeal;
    (12) provision for periodic review of status and the basis for confinement.
    [App. at 80–81]. Further, the court set forth three requirements of a substantive nature in applying the statute:
    [T]here [must] be a finding [(1)] that the individual respondent is mentally ill and that that finding be defined with reasonable certainty and accuracy [; (2)] that the person involved is a danger to self or to others [and; (3)] that the person ... is in need of long term institutional care, and that there is no alternative to that.
    [App. at 81].

*with id.* § 723(c) (Supp.1982) (presence required unless the court believes it will be injurious to him). In this case, we cannot say that the exclusion of Lawaetz was error. The district court judge had observed Lawaetz's demeanor at the earlier guardianship proceedings. The court found on the record that Lawaetz had then been extremely disruptive, even though under medication. [App. at 82]. The court accepted the testimony of medical experts that Lawaetz's behavior would be even more disruptive if his medication were discontinued, as counsel requested in moving to permit Lawaetz's attendance. [App. at 82–83]. In addition, in order to protect Lawaetz's interests, and over the government's objection, the court permitted his guardian, also a witness, to remain present through every stage of the proceedings. [App. at 34–35]. On the facts of this case, we find no reversible error in the decision to deny Lawaetz the opportunity to attend the commitment proceedings without medication.

■ Lawaetz's remaining due process claims are without merit.[3] It may well be that the old Act lacked a clearly defined standard of mental illness or adequate criteria to inform the court's commitment decision. In this particular case, however, the court expressly found that Lawaetz suffered from chronic schizophrenia, a well-defined mental illness. The court further found that Lawaetz's condition had in the past caused Lawaetz to act in a way that posed a serious danger of physical injury to himself and others. It found that his condition would continue to pose a danger in the future and that no satisfactory alternative to institutional care existed for Lawaetz. [App. at 84–86]. The court required the government to prove its case by clear and convincing evidence. Reviewing the record, we find ample medical and first-hand factual testimony to support the findings of the district court. Accordingly, we hold that the commitment proceedings below were consistent with the dictates of due process.

## II.

■ Lawaetz's equal protection argument is based on the assumption that the government was free to choose between the old Act and the more restrictive new Act in two proceedings involving similarly situated individuals. That simply was not the case. We hold that the new Act repeals and replaces the old Act in every instance where inconsistent procedures or substantive requirements are set forth.[4] Because the

---

**3.** The most troublesome of Lawaetz's objections involve the standards under which temporary commitment could be ordered under the old Act, and the manner in which his own temporary commitment was twice extended. Some confusion exists regarding the procedural and substantive safeguards that are constitutionally due before a person can be confined temporarily in anticipation of an involuntary commitment proceeding. *See Coll v. Hyland,* 411 F.Supp. 905 (D.N.J.1976) (three-judge district court) (upholding maximum 20 day institutionalization prior to hearing; certification of two physicians that patient poses a danger to self and others required by statute); *see generally Developments in the Law—Civil Commitment of the Mentally Ill,* 87 Harv.L.Rev. 1190, 1276–79 (1974). In this case, Lawaetz did receive a hearing prior to his temporary commitment; he protests the alleged lack of procedural and substantive protections at that proceeding and at the subsequent extensions of his commitment.

Unlike the order of the district court from which this appeal was taken, no continuing effects flow from the orders permitting and

extending Lawaetz's temporary commitment. We note that the new Act expressly addresses the problem of short-term commitment. The new Act provides for temporary emergency commitment after a hearing before a neutral medical fact-finder. The temporary commitment will normally last no more than five days; if a petition for long-term commitment has been timely filed, however, the temporary commitment may extend for a period not to exceed ten days from the filing of the petition. 19 V.I.C. § 722 (Supp.1982). The section of the new Act governing long-term commitment requires a hearing within two days of the filing of the petition for involuntary commitment. *Id.* § 723. In light of these changes in the law and the fact that no practical result would ensue if we were to vacate the temporary commitment orders of the court below, we decline to review those orders. We do not prejudge the constitutionality of sections 722 and 723; that must be left for an appropriate case in which those provisions are actually applied.

**4.** Because the issue of implied repeal was never raised by Lawaetz, either in the district court

government was not, and is not, free to choose between inconsistent or conflicting statutory provisions in like situations, we hold that the mental health law of the Virgin Islands does not offend equal protection.

In 1977 the Virgin Islands legislature adopted the new Act, a comprehensive statute designed to deal with alcoholism, drug dependency and mental health problems. The new Act expressly provides: "Whenever any provision of this chapter conflicts or is inconsistent with any other provision of [the Virgin Islands] Code, the provision of this chapter shall govern to the extent of the conflict or inconsistency." 19 V.I.C. § 728(b) (Supp.1982). The new Act covers each of the areas in which Lawaetz challenges the adequacy of the old Act. It provides for the temporary emergency commitment of a mentally disturbed individual who, unless so committed, is likely to harm himself or others. *Id.* § 722; *see supra* note 3. Section 723 of the new Act sets forth the requirements for the long-term involuntary commitment of the mentally disturbed. The new Act, unlike the old, defines the term "mentally disturbed person." *Id.* § 711(15).[5] It permits commitment only if a mentally disturbed person "has threatened, attempted, or inflicted physical harm on himself or another and ... unless committed is likely to inflict physical harm on another," *id.* § 723(a), and the Division of Mental Health, Alcoholism and Drug Dependency Services "is able to provide adequate and appropriate treatment for him and the treatment is likely to be beneficial," *id.* § 723(d).

Section 723 also provides procedural safeguards for the individual. A hearing must be held within two days of the filing of a petition seeking involuntary commitment. The statute requires notice to a number of interested parties. *Id.* § 723(b). The court is directed to hear "all relevant testimony" at the commitment hearing, including the testimony of medical personnel. *Id.* § 723(c). The new Act establishes the individual's right to be present at his hearing "unless the court believes that his presence is likely to be injurious to him," and directs the judge to examine the individual in open court where feasible. *Id.* The government must establish its case for involuntary commitment by clear and convincing evidence. *Id.* § 723(d). If a commitment order is entered for an indefinite length of time, "the person's commitment shall be subjected to close periodic judicial scrutiny designed to protect said person from prolonged and unnecessary commitment." *Id.* § 723(e).

▮ This court will endeavor, wherever possible, to construe statutes consistently with each other in order to avoid the implied repeal of earlier legislation. *United States v. Boffa,* 688 F.2d 919, 932 (3d Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1272, 75 L.Ed.2d 494 (1983). This case, however, presents a comprehensive legislative scheme that deals with precisely the same subject matter as the old Act. The new Act adds clarity and due process safeguards in an area where the courts of the Virgin Islands had recognized the deficiencies of the express provisions of the former legislation.[6] Section 728(b) states that the new Act shall replace all conflicting or inconsistent provisions of the Virgin Islands Code. We thus conclude that the Virgin

---

or on appeal, we will not reverse the district court for proceeding exclusively under the old Act. Thus, we need not decide whether the additional safeguards actually applied by the court below substantially comply with the requirements of the new Act.

**5.** Section 711(15) provides:

"Mentally disturbed person" means a person whose mental functions are sufficiently impaired to interfere grossly with his capacity to meet the ordinary demands of life, the result of which is that such person's thinking, mood, and behavior have become irrational or distorted from reality, whether such condition has been caused by organic brain tissue damage or by psychological causes.

**6.** The district court expressed the opinion that the provisions of the old Act were "in certain instances vague and in certain other instances deficient in terms of the required findings." [App. at 80]. The additional procedural and substantive safeguards adopted by the court below had been used by the court in previous involuntary commitment proceedings.

Islands legislature intended the repeal of the old Act and its replacement with the new. *See Boffa,* 688 F.2d at 932 (implied repeal supported where new legislation occupies the entire field); *In re Tinsley,* 421 F.Supp. 1007, 1010 (M.D.Ga.1976) (statute with general repealer), *aff'd.* 554 F.2d 1064 (5th Cir.1977). Because it was not within the government's discretion to choose between the old and the new statutes, we must reject Lawaetz's equal protection challenge.

### III.

Accordingly, for the reasons set forth above, the order of the district court committing David Lawaetz to the custody of the Commissioner of Health, and the subsequent order of February 28, 1983 releasing Lawaetz from institutional care subject to a continuing obligation to seek treatment, will be affirmed.