**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**RAPHAEL PARRILLA, Defendant**

Case Nos. SX-11-CR-086, SX-11-CR-412, SX-11-CR-449

Superior Court of the Virgin Islands

Division of St. Croix

May 28, 2013

148

VINCENT F. FRAZIER, ESQ., Attorney General; CORNELIUS EVANS, ESQ., Solicitor General, *for the People*.

LORIN KLEEGER, ESQ., SX-11-CR-086; ERIC CHANCELLOR, ESQ., SX-11-CR-412; KYE WALKER, ESQ., SX-11-CR-449, *for the Defendant*.

DONOHUE, *Presiding Judge*

## MEMORANDUM OPINION

(May 28, 2013)

**THIS MATTER** is before the Court on Defendant Raphael Parrilla's competency to stand trial. For the following reasons, the Court finds that the Defendant does not presently possess the necessary capacity, ability or knowledge to assist in his own defense or understand the proceedings against him. Pursuant to this determination, the Court will order the People to file an informative motion as to how they will proceed against the Defendant.

### I. BACKGROUND

The People have charged the Defendant with various criminal acts. In *People of the Virgin Islands v. Raphael Parrilla*, SX-11-CR-86, the

Defendant is charged with Burglary in the Third Degree in violation of Section 441 of Title Fourteen of the Virgin Islands Code and Destruction of Property in violation of Section 1266 of Title Fourteen of the Virgin Islands Code. Attorney Lorin Kleeger Esq., represents the Defendant in SX-11-CR-86. In *People of the Virgin Islands v. Raphael Parrilla*, SX-11-CR-412, the Defendant is charged with Attempted Murder in the First Degree/Principal in violation of Sections 922(a)(2), 331 & 11(a) of Title Fourteen of the Virgin Islands Code, Assault in the First Degree/Principal in violation of Sections 295(1) & 11(a) of Title Fourteen of the Virgin Islands Code, Assault in the Third Degree/Principal in violation of Sections 297(2) & 11(a) of Title Fourteen of the Virgin Islands Code, Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence/Principal in violation of Sections 2251(a)(2)(B) & 11(a) of Title Fourteen of the Virgin Islands Code, Promotion of Dangerous Prison Contraband/Principal in violation of Sections 665(a)(2) & 11(a) of Title Fourteen of the Virgin Islands Code and Brandishing, Exhibiting or Using a Deadly Weapon/Principal in violation of Sections 621(1) & 11(a) of Title Fourteen of the Virgin Islands Code. Attorney Eric Chancellor Esq., represents the Defendant in SX-11-CR-412.

Finally, the Defendant is charged in *People of the Virgin Islands v. Raphael Parrilla,* SX-11-CR-449 with Escape from Jail or the Custody of An Officer, in violation of Section 661(1) of Title Fourteen of the Virgin Islands Code, Aggravated Assault and Battery in violation of Section 298(1) of Title Fourteen of the Virgin Islands Code, Assault in the Third Degree in violation of Sections 297(5) & 297(2) of Title Fourteen of the Virgin Islands Code, Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence in violation of Section 2251(a)(2)(B) of Title Fourteen of the Virgin Islands Code and Disturbance of the Peace by Threat in violation of Section 622(1) of Title Fourteen of the Virgin Islands Code. Attorney Kye Walker, Esq., represents the Defendant in SX-11-CR-449.

The Court scheduled SX-11-CR-449 for jury selection and trial on June 23, 2012. However, on that date, prior to jury selection, the Parties informed the Court that they had reached a plea agreement. Pursuant to this, the Court held the jury and allowed Parties to move forward with a plea hearing. However, during the plea hearing, Defendant appeared to become confused and subsequently, refused to accept the plea agreement.

As such, the Court ordered that jury selection and trial would go forward. The jury was selected for trial. Immediately following jury selection, Defendant suddenly indicated that he was now willing to accept the plea agreement proffered by the People. But once again, in the midst of the plea hearing, Defendant appeared to become confused and agitated and indicated that he was now refusing to accept the plea.

The Court found that given Defendant's sudden refusal to accept the plea, the trial would go forward as scheduled. During trial proceedings, Attorney Walker informed the Court that she believed her client's behavior during the selection process indicated that he was not presently able to understand the proceedings against him or assist in his own defense. Attorney Walker moved for a mistrial and requested a hearing on Defendant's competency to stand trial. The People, represented by Attorney Cornelius Evans, Esq., did not object. After listening to Attorney Walker's argument, the Court granted her motion for a mistrial and shortly afterward granted the motion for a competency hearing. The Court also ordered that the Defendant undergo psychiatric and psychological evaluations. The Court held a hearing on Defendant's competency to stand trial on October 9, 2012. All Parties were present. Counsel for the People submitted two exhibits. The first exhibit was a psychological evaluation of the Defendant by psychologist Gloria Mendez. Dr. Mendez's report stated that she felt the Defendant was competent to stand trial but could benefit from counseling. (Mendez, PE Rpt. People's Ex. 1 at 4.) The second was a psychiatric evaluation of the Defendant by psychiatrist Norma Carillo (Carillo, PE Rpt. People's Ex. 2 at 4.) At the hearing, the People called Dr. Carillo to testify. All Parties stipulated to Dr. Carillo as an expert in the field of psychiatry. Dr. Carillo gave sworn testimony on her observations of the Defendant and testified as her conclusions regarding the Defendant's competency to stand trial. Dr. Carillo explained that she evaluated the Defendant to determine if he was competent enough to understand the proceedings against him and to assist in his own defense. Dr. Carillo also testified that her evaluation included a review of the Defendant's mental health history, cognitive abilities and current mental state. Dr. Carillo concluded that while she could not conclusively testify as to a specific diagnosis of the Defendant, she felt that the Defendant likely suffered from mental retardation and dyslexia.

Dr. Carillo also testified that she did not believe that the Defendant was competent to stand trial due to a severe deficit of comprehension and lack of education. Further, Dr. Carillo recommended that the Defendant be admitted to a mental health treatment facility until he was deemed competent to stand trial. Dr. Carillo could not provide to the Court an assessment of when Defendant might become competent. Next, Attorney Walker's legal assistant, Donica Miller, offered testimony on the issue of Defendant's mental state during jury selection. The Parties agreed that her testimony was admitted for the limited purpose of testifying as to Defendant's unusual behavior during jury selection. Ms. Miller testified that the Defendant seemed confused about the trial process and unable to comprehend what role prospective jurors would play, despite repeated explanation by Attorney Walker.

After testimony, counsel for the People stated that the People were in agreement with the Defense that the Defendant suffers from some sort of mental disease or defect. However, counsel noted that despite the findings proffered, Dr. Carillo's testimony provided no evidence of what specific mental defect or disease the Defendant suffered from or what course of treatment was needed. The People advised the Court that a treatment facility would be required to assess the Defendant's mental health, determine a course of treatment and provide an evaluation as to when, if ever, the Defendant would be competent to stand trial. The Court, after reviewing the testimony of the witnesses and arguments of counsel, informed the Parties that it would take this matter under advisement and issue its ruling in writing.

## II. DISCUSSION

██ Under the U.S. constitution, due process prohibits the trial of an incompetent defendant.[1] *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) (quoting *Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)). Competency requires that at the time of trial, a defendant

---

[1] Due process rights are made applicable to residents and constituents of the Territory of the Virgin Islands through Section 3 of the Revised Organic Act, and codified at 48 U.S.C.A. § 1561. *See* V.I. Rev. Org. Act of 1954 § 3, 48 U.S.C. § 1561 reprinted in V.I. Code Ann., Hist. Docs, Org. Acts (2011).

has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.

*Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960). The conviction of an incompetent defendant is a constitutional violation of the right to a fair trial. *Drope* at 178-83 In this matter, the Defendant was able to explain, in a limited fashion, the duty of his attorney and the judge to Dr. Carillo and Dr. Mendez. (Carillo, PE Rpt., Pl.'s Ex. 2 ¶ 2) (Mendez, PE Rpt., Pl.'s Ex. 2 ¶ 3.) However, there was testimony that during jury selection the Defendant appeared confused and would repeatedly ask the same questions to Attorney Walker and Ms. Miller. Ms. Miller also testified that the Defendant seemed at times to be unable to comprehend what role prospective jurors would play in the trial process.

■ Dr. Carillo testified that the Defendant's ability to understand the proceedings against him was extremely poor. She also testified that she believed the Defendant was mentally handicapped. Dr. Mendez's report conflicted with Dr. Carillo's diagnosis. Dr. Mendez found that the Defendant "appears to be able to understand the charges against him and to participate in his own defense." (Mendez, PE Rpt., Pl.'s Ex. 2 ¶ 3.) However, the Court finds that the weight of evidence does not indicate that the Defendant has demonstrated a rational as well as factual understanding of the proceedings against him or that he can assist in his own defense. The Court's finding is bolstered by the Defendant's actions during both plea hearings and jury selection. Defendant appeared both confused and agitated during the plea hearings and abruptly vacillated between accepting and refusing the subject plea agreements. As Ms. Miller's testimony evidences, the Defendant also appeared to be unable to understand the jury selection process or in fact, what a jury was. Further, Dr. Carillo testified that she believed that the Defendant suffers from some form of mental handicap or defect. Finally, the People agree that the Defendant is unfit to stand trial. Accordingly, the Court finds that under the constitutional parameters laid out by the Supreme Court in *U.S. v. Dusky*, the Defendant is incompetent to stand trial. Pursuant to this finding, the Court must address the second part of an incompetency inquiry, the procedural process of guaranteeing that the Defendant receives the treatment necessary to assess whether the Defendant will ever be competent or receives treatment that will bring him to a level of

competency necessary to stand trial. The Court will review Virgin Islands law and its application to the procedural process of this determination.

Until 2007, this Court's procedure for determining the mental competency of a defendant accused of a criminal offense was governed by the Federal Rules of Criminal Procedure and Title 18, Chapter 313 of the United States Code. *See People of the Virgin Islands v. Durant*, 48 V.I. 278 (Super. Ct. 2007), *rev'd* 49 V.I. 366 (S. Ct. 2008); *see also Government of the Virgin islands v. Eugene Gumbs*, 42 V.I. 79 (Super. Ct. 2000) The Federal Rules of Criminal Procedure are made applicable to the Superior Court of the Virgin Islands by Superior Court Rule 7, which provides in part that the practice and procedure of the Court ". . . shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court . . . [and] the Federal Rules of Criminal Procedure." SUPER. CT. R. 7. Federal Rule of Criminal Procedure 12.2 incorporates the provisions of 18 U.S.C. § 4241-48. Federal law 18 U.S.C. § 4241 adopts the standard for competence that the Supreme Court articulated in *Dusky v. United States*. *See* 18 U.S.C. § 4241(a) (defining incompetency as the inability to understand proceedings or assist in defense); *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (establishing definition of incompetence as not being able to understand process or to assist counsel in preparing defense).

Section 4241 also lays out the procedural process of adjudicating incompetency. It authorizes any party in a criminal proceeding to bring a motion to determine the defendant's competency and when and if a court must grant the motion for incompetency. 18 U.S.C. § 4241(a). Subsection (a) identifies two definitions of mental disease or defect as grounds for the motion. *Id.* Subsection (a) also establishes the right to a judicial hearing to determine a defendant's mental status, and subsection (b) provides for a psychiatric examination and report prior to any such hearing. *Id.* § 4241(b). If after the hearing, the court finds the defendant incompetent to stand trial, section 4241(d) mandates hospitalization of defendants suffering from mental disease or defect and removes district courts' discretion in this determination. *See id.* § 4241(d); *see also United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir. 1990) (holding that hospitalization is mandatory and district courts have no power to circumvent hospitalization under § 4241(d)). If a defendant is hospitalized, under the requirements of 18 U.S.C. § 4241(d) ". . . the court

shall commit the defendant to the custody of the Attorney General . . ." *Id.* Per the mandates of this section,

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility — (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and (2) for an additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier.

*Id.* The statutory restrictions placed on how long a defendant may be held after he is found incompetent adheres to the Supreme Court ruling in *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972). In *Jackson*, the Supreme Court held that the indefinite commitment of a defendant solely because he lacks the capacity to stand trial violates the defendant's constitutional right to due process. If it becomes clear that the defendant will not regain competency after four months or the State cannot find suitable arrangements for the custody and care of the defendant, under 18 U.S.C. § 4246(a) the Attorney General is required to either release the person or transfer a certificate to the court stating that the release of the prisoner would constitute a "substantial risk" of bodily injury to another person or serious damage to property. 18 U.S.C. § 4246(a).

Per the mandates of local jurisprudence, this Court afforded defendants prosecuted for violations of local law the procedural protections of 18 U.S.C. § 4241-48 when competency issues arose in *People of the Virgin Islands v. Selvin Durant*, 48 V.I. 278. In 2002, the People charged Durant with one count of Assault in the First Degree in violation of Section 295 of Title Fourteen of the Virgin Islands Code and one count of Voluntary Manslaughter in violation of Section 924(1) of Title Fourteen of the Virgin Islands Code. (*Durant*, Info., filed June 7, 2002.) Prior to Durant being arraigned, Counsel for Durant filed a motion for a psychiatric evaluation. (Def. Mot. Evaluation, filed July 16, 2002.) The Court ordered Durant undergo psychiatric evaluations. Shortly afterward, counsel for Durant filed a motion for a competency hearing. (Def. Mot.

Hearing, filed Sept. 3, 2002.) The Court scheduled a competency hearing pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(A) and 18 U.S.C. § 4241. Subsequently, pursuant to 18 U.S.C. § 4241(d) the Court held a hearing to ascertain Durant's competency to stand trial. At the hearing, psychiatrists testified as to Durant's mental incompetency. The Court, after reviewing the record, the testimony of the psychiatrists and Parties' arguments found that Durant was incompetent to stand trial. The Court found that under the standard set out in 18 U.S.C. § 4241(d), the Defendant was incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), the Court placed Durant in the custody of the People of the Virgin Islands. The transcript of the competency hearing indicates that this was done, in part, because of the psychiatrist's recommendation that Durant should be treated because he was a danger to the community. (*Durant*, Hr'g Tr. 43:25-44:15.) The Court ordered the People to identify a facility for Defendant's treatment within 60 days and to provide treatment and counseling to the Defendant until such time that he is transferred. The People did not adhere to 18 U.S.C. § 4241(d) and the Court's order. Instead, Durant remained held in Golden Grove Correctional facility for two years without treatment, despite the Court's finding that he was incompetent to stand trial and would need treatment to possibly attain competency. The Court *sua sponte* held a hearing on Durant's indefinite detention on February 9, 2007. (Order, entered Feb. 2, 2007.) The People explained that it could not find a suitable treatment facility for Durant. (*Durant*, Hr'g Tr. 23:28-17:22.) Further, the People stated that there were over twenty other similarly situated individuals in custody at the Golden Grove Correctional facility. (*Id.*) On May 10, 2007 this Court issued a memorandum opinion ordering the release of Durant. (Memo. Op., issued May 10, 2007.) The Court found that the People provided no evidence that Durant was now competent to stand trial, that Durant was still a danger to the community or that the People had any plans to find a treatment facility so that Durant could be assessed and treated regarding his competency to stand trial in the future. (*Id.*) The Court explained that pursuant to both the Supreme Court's ruling in *Jackson v. Indiana* and Title 18 U.S.C. § 4241-48, a defendant cannot be held for an indefinite period or time without treatment or without proof that the defendant is still a danger to himself or others.

The Court noted that it was aware of the economic constraints that the People were under in regards to procuring treatment for Durant. (Memo.

Op. ¶ 4.) However, the Court explained that even with all the deference shown to the People by the Court, the record indicated that the People had failed to do a single thing that would provide Durant with suitable mental health treatment. (*Id.*) The Court ultimately found that it had no choice but to order Durant's release. (*Id.*) The People appealed. On appeal, the Supreme Court of the Virgin Islands reversed the Court's release of Durant. The Supreme Court found that under the Revised Organic Act this Court is authorized to create only procedural rules and that the Court's application of 18 U.S.C. § 4241(d) through FED. R. CRIM. PROC. 12.2 was beyond the Court's authority. *People of the Virgin Islands v. Durant*, 49 V.I. 366 (S. Ct. 2008) (citing to *In re: Richards*, 213 F.3d 773, 783-84, 42 V.I. 469 (S. Ct. 2008)). The Supreme Court, held in part,

> Notably, [U.S. Code Title 18] Chapter 313's provisions are substantive law enacted by Congress dealing with mentally-impaired defendants charged with federal crime . . . Therefore, the trial court's use of Superior Court Rule 7 as a conduit to apply Federal Rules of Criminal Procedure 12.2(c)(1)(A), and thereby incorporate the substantive federal statutory provisions of Chapter 313, was an unauthorized exercise of the Superior Court's rule-making authority.

*Id.* at 369. The Supreme Court determined that this Court's application of 18 U.S.C. § 4241-48 permitted "the importation of federal substantive law to local cases." *Id.* at 372. The Supreme Court went on to hold that the "Superior Court cannot adopt and apply substantive federal law through the court's rule-making authority. Only the Legislature of the Virgin Islands has such lawmaking authority." *Id.* (citing to *In re: Richards*, 213 F.3d at 783 and the Revised Organic Act of 1954 § 5). The Supreme Court further held that this was an area of law where the Virgin Islands had clearly legislated and had not surrendered its law making authority to the judiciary. *Id.* ("[t]he trial court should have considered local statutory provisions and not the rights created by federal statutes for federal defendants.") Finally, the Court found that the "application of Title 18, Chapter 313 of the U.S. Code, through the use of Superior Court Rule 7, ignores the substantive laws dealing with mentally incompetent persons that have been enacted by the Virgin Islands Legislature." *Id.* In footnote, the Supreme Court noted that Virgin Islands law provided statutes applicable to competency issues in criminal matters. *Id.* at fn. 9

and 10.[2] Durant effectively foreclosed the application of Title 18 Chapter 313's provisions to the adjudication of incompetent defendants in the Virgin Islands because this was an unauthorized "importation of federal substantive law to local cases." *Id.* at 372. But as will be explained, Virgin Islands common law on this specific issue has always been premised on the importation of federal substantive law to local cases.

## III. VIRGIN ISLANDS HISTORY IN THE CONTEXT OF PRE-TRIAL COMPETENCY DETERMINATIONS

The Court must turn to Virgin Islands history, as it is dispositive to the Court's ability to continue criminal jurisdiction over the Defendant's treatment and evaluation. In 1936, when Congress passed the Organic Act, they vested judicial power into the district court of the Virgin Islands. Thus, the district court of the Virgin Islands prosecutorial authority flows directly from Congress. *See* Organic Act of 1936, § 28, 49 Stat. 1807,

---

[2] The Court notes that after the Supreme Court of the Virgin Islands reversed this Court's ruling in *Durant*, the Court was informed that the Virgin Islands police could not locate Durant. Accordingly, the Court stayed this matter until the Defendant could be located. (Order, entered Jan. 23, 2009.) A review of the record indicates that after the Durant ruling, Durant was arrested a total of seven times,

1. *People of the Virgin Islands v. Selvin Durant*, ST-08-CR-387 (Order of Dismissal entered Jan. 12, 2009);
2. *People of the Virgin Islands v. Selvin Durant*, ST-09-CR-54 (Order sentencing Defendant to mandatory incarceration, probation, mandatory psychotropic medication use and therapy, entered June 8, 2009);
3. *People of the Virgin Islands v. Selvin Durant*, ST-09-CR-563 (Order granting People's oral Mot. to Dismiss, entered May 26, 2010);
4. *People of the Virgin Islands v. Selvin Durant*, ST-10-CR-376 (People's Mot. to Dismiss, filed Dec. 6, 2010) (Order granting Mot. Dismiss, entered Dec. 8, 2010);
5. *People of the Virgin Islands v. Selvin Durant*, ST-11-CR-398 (Order dismissing matter because Defendant was found incompetent to stand trial, entered Feb. 29, 2012);
6. *People of the Virgin Islands v. Selvin Durant*, ST-13-CR-07 (Def. Notice of Insanity Defense, filed Mar. 25, 2013); and
7. *People of the Virgin Islands v. Selvin Durant*, ST-13-CR-08 (Order signed scheduling matter for jury trial and selection, entered April 8, 2013.)

Finally, on February 28, 2013 the Government instituted separate civil commitment proceedings against Durant. Subsequently Durant was found to be of unsound mind and a danger to the community and remanded to the custody of the Commissioner of Health for long-term mental health care and treatment pursuant to 19 V.I.C. § 1101 *et seq.* (Order, entered Feb. 28, 2013.).

1815 (1936); *see also Government of Virgin Islands ex rel. Robinson v. Schneider*, 893 F.Supp. 490, 495 (1995)). The 1936 Organic Act also vested limited judicial power ". . . in such court or courts of inferior jurisdiction as may have been or may hereafter be established by local law." *Id.* Therefore, this Court's prosecutorial authority also flows directly from Congress. *Magens Point Resort Hotel v. Benjamin*, S. Ct. Civ. No. 2008-0006, 2009 V.I. Supreme LEXIS 30, *7 (V.I. Apr. 8, 2009) (The Government of the Virgin Islands is not itself a sovereign entity).

As such, the Territory of the Virgin Islands is considered a single sovereign for the purposes of most criminal prosecutions. The Territory's jurisprudence reflects this status. Section 28 of the 1936 Act granted the district court jurisdiction over most criminal matters, whether the act charged was local or federal. Organic Act of 1936, § 28. When Congress revised the Organic Act in 1954, the legislative body enumerated that the district court of the Virgin Islands ". . . shall have general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this [Act] upon the inferior courts of the Virgin Islands." Revised Organic Act of 1954, § 21, 48 U.S.C. § 1561 (2009), reprinted in V.I. Code Ann., Hist. Docs, Org. Acts, and U.S. Const., at xx-xx (1995) (preceding V.I. Code Ann. tit. 1). The inferior courts, the early predecessors to this Court, were granted jurisdiction over criminal matters in which the maximum punishment did not exceed a fine of $100.00 or six months imprisonment. *Id.* The district court was granted concurrent jurisdiction with the inferior courts over local criminal matters, whether felony or misdemeanor, that arose out of an act that also violated laws over which the district court had original jurisdiction.

The jurisdictional scheme mandated by Congress in the Revised Organic Act inexorably intertwined this Court's jurisprudence with that of the district court. The Court was bound by the decisions of the district court. Congress also mandated that the district court was to adopt the Federal Rules of Criminal Procedure, to apply to both federal and local criminal matters. *Id.* at § 24(b). In addition, Congress mandated that the rules governing the practice and procedure of the courts be rules promulgated by local courts. *Id.* at § 21(c). The practical effect of this mandate was that the lower court followed the federal rules of criminal and civil procedure in adjudicating matters within its limited jurisdiction. *See Homer v. Lorillard*, 6 V.I. 558, 566 (Terr. Ct. 1967) (quoting 5 V.I.C. App. IV, Rules 7 and 21) ("The practice and procedure in the Municipal

159

Court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary).

Subsequently, the V.I. Legislature enacted Section 83 of Title Four of the Virgin Islands Code, which bound this Court to adopt the rules of the district court. *See* 4 V.I.C. § 83, added Sept. 9, 1976, No. 3876, § 2, Sess. L. 1976, p. 191; *see also Save Long Bay Coalition, Inc. v. V.I. Bd. of Land Use Appeals*, 45 V.I. 312, 318 (V.I. Terr. Ct. 2003) (observing that "5 V.I.C. Appendix was replaced in 1992 with [the] Virgin Islands Court Rules Annotated.") Inversely, the district court also applied the Federal Rules of Criminal Procedure to the prosecution of a defendant for violations of local law. *Government of the Virgin Islands vs. Ralph Lanclos*, 477 F.2d 603, 9 V.I. 579 (3d Cir. 1973) (defendant appealed his conviction in the district court of murder in the first degree in violation of 14 V.I.C. § 922(a)(1); *see also Government of the Virgin Islands v. Torres*, 476 F.2d 486, 9 V.I. 616 (1973) (defendant appealed district court judgment finding him guilty of premeditated murder under Virgin Islands law)). This included matters of incompetency, insanity and mental health in general. *See Government of the Virgin Islands v. Niles*, 295 F. Supp. 266, 7 V.I. 135 (D.V.I. 1969); *Cyntje v. Government*, 19 V.I. 248 (D.V.I. 1982); *Matter of Lawaetz*, 728 F.2d 225 (1984); *Felix v. Government of the Virgin Islands*, 702 F.2d 54 (D.V.I. 1982) (finding that under 18 U.S.C. 4244, the court was not required to allow defendant a psychiatric evaluation) *aff'd*, 702 F.2d 54 (3d Cir. 1983). The district court also held jurisdiction as an appellate court over this Court. *See* 4 V.I. CODE ANN. § 33, and the Revised Organic Act, 48 U.S.C. § 1613(a).

As this Court's jurisdiction expanded through legislative enactment, the Court necessarily looked to the district court's jurisprudence and rules for guidance. The 1984 amendments to the Revised Organic Act gave this Court the authority to promulgate its own rules. *See* Revised Organic Act § 21 (amended 1984) (P.L. 98-454); *see also* 4 V.I.C. § 76. Subsequently, the Court promulgated its own rules governing practice and procedure, however, as explained above, the long held jurisdictional reliance on the district court as the local court of record and precedent dictated that the Court continue to apply the Federal Rules of Civil and Criminal Procedure to the adjudication of matters before it, local or federal. SUPER. CT. R. 7; amended Sept. 3, 1975; Oct. 14, 1994, eff. Nov. 16, 1994.

In 1984, changes were made to the Federal Rules of Criminal Procedure. Congress passed the Comprehensive Crime Control Act of 1984 [hereinafter "CCCA"]. Kenneth Feinberg, *Comprehensive Crime Act Control Act of 1984*, Practicing Law Institute (1985). The CCCA "completely amended chapter 313 of title 18 of the United States Code relating to the procedure to be followed by federal courts with respect to offenders who are currently suffering from a mental disease or defect." *Id.* at 249. The specific portion of the CCCA that amended 18 U.S.C. §§ 4241-48 is individually referred to as the "Insanity Defense Reform Act of 1983." *Id.* This section was incorporated into FED. R. CRIM. PROC. 12.2. The district court of the Virgin Islands applied FED. R. CRIM. PROC. 12.2 to adjudicating incompetency or insanity issues that arose in the course of criminal matters before it. This included criminal matters involving defendants charged with wholly local offenses. *See Felix v. Government of the Virgin Islands*, 702 F.2d 54 (D.V.I. 1982) (appellate court affirmed district court finding that defendant charged with violation of 14 V.I.C. § 922 was not allowed a psychiatric evaluation under 18 U.S.C. § 4244) *aff'd*, 702 F.2d 54 (3rd. Cir. 1983). Thus, defendants prosecuted for violations of local law were afforded the procedural protections of 18 U.S.C. §§ 4241-48 when competency issues arose. In 1994, the Virgin Islands Legislature granted this Court original jurisdiction over all criminal matters. 4 V.I.C. § 76(b) (LEXIS NEXIS) (2013). This Court, pursuant to SUPER. CT. R. 7 and relying on historical precedent, looked to 18 U.S.C. Chapter 313's provisions to adjudicate issues dealing with a defendant's competency to stand trial.

The Supreme Court of the Virgin Islands' holding in *Durant* has foreclosed this Court from turning to the common law for guidance on the issue of adjudicating a defendant's incompetence in a criminal proceeding. The Supreme Court noted in *Durant*, that this Court was not without recourse because the Virgin Islands Legislature had provided substantive laws dealing with mentally incompetent persons. *Durant*, 49 V.I. at 370; *see also* fn. 9 and 10. Pursuant to the Supreme Court's ruling in *Durant*, the Court will review Virgin Islands law and its application to pre-trial competency determinations.

## IV. VIRGIN ISLANDS LAW AND PRE-TRIAL COMPETENCY DETERMINATIONS

The matter of *People of the Virgin Islands v. Keith B. Richardson* provides a roadmap of V.I. mental health statutes in this area of the law.

*People of the Virgin Islands v. Keith B. Richardson*, 52 V.I. 211 (Super. Ct. 2009). The factual background of *Richardson* mirrors the facts currently before the Court. In *Richardson*, the People charged the defendant with several violations of the law, including simple assault, vagrancy, disturbance of the peace and interfering with an officer performing his or her duty. (*Id.*) Just as is the case here, at one of the defendant's first appearances before the Court, it became apparent to the Parties that the defendant suffered from some form of mental illness. (*Id.* at 213.) The Court ordered the defendant to undergo a psychiatric evaluation to determine whether the defendant was competent to stand trial. (*Id.*) After evaluation, the psychiatrist in *Richardson* concluded that while the defendant suffered from substance induced psychosis and schizophrenia on the date of the incident, the defendant was competent to stand trial. (*Id.* at 214.) Accordingly, the matter was set for a bench trial. (*Id.*) Before the trial commenced, the parties informed the Court that they had reached a plea agreement. (*Id.*) However, during the plea agreement hearing, it became clear that the defendant was unable to understand the nature of the proceedings against him and was unable to assist in his own defense. (*Id.*) Defendant's behavior was so bizarre during the plea agreement hearing, the psychiatrist changed his position on defendant's competency and stated he was only marginally competent to stand trial. (*Id.*) Following the hearing, the Court ordered the parties to brief the Court "regarding its authority to commit the defendant for mental examination, evaluation and treatment." (*Id.*)

After reviewing the parties' arguments, the Court issued an opinion that analyzed local statutes ". . . to determine what if any discretionary powers the Court had to commit a mentally incompetent criminal defendant for treatment." (*Id.* at 215.) First, the Court reviewed Section 3637 of Title Five of the Virgin Islands Code. (*Id.* at 215-16.) The Court found that Section 3637 was not applicable to pre-trial competency determinations. Section 3637 states in part that at trial, if a defendant raises the defense of mental illness, the jury shall be instructed, if they find him not guilty on that ground, to state that fact in their verdict. V.I. CODE ANN. tit. 5 § 3637(a) (LEXIS NEXIS) (2013). Upon a jury finding a defendant not guilty by reason of mental illness or defect, Section 3637 provides the Court with the authority to "commit the defendant to a forensic unit for custody, care and treatment . . ." *Id.* Thus, as explained by the Court in *Richardson*, "[s]ection 3637 therefore provides little

162

guidance to the Court on how to deal with defendants who, because of their incompetence, cannot be tried at all, and therefore does not provide a procedure whereby they can be committed in the first place." (*Richardson*, 52 V.I. at 216.)

The *Richardson* Court turned next to Section 1201 of Title Nineteen of the Virgin Islands Code. Section 1201 is entitled "Discharge of Patients" and provides guidance on the Court's ability to release a person who was committed "by order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense." V.I. CODE ANN. tit. 19 § 1201 (LEXIS NEXIS) (2013). The Court found that ". . . section [1201] only provides the Court with the authority to release, rather than commit, an individual." (*Richardson*, 52 V.I. at 216.) After reviewing Section 1201, the Court then analyzed Section 1202 of Title Nineteen of the Virgin Islands Code. Section 1202 governs "Procedures regarding Mentally III Prisoners." V.I. CODE ANN. tit. 19 § 1202 (LEXIS NEXIS) (2013).

Section 1202 provides for the commitment of any person who, when eligible for discharge from the penitentiary or during his term of incarceration," is alleged by the commissioner of public safety to be "mentally ill" and whom the courts have adjudicated to be "mentally ill." *Id.* The *Richardson* Court noted that Section 1202 raised serious constitutional concerns, as the statute does not require a finding that the prisoner is a danger to himself or others. (*Id.*) The Court explained that this statutory omission appears to be in direct contravention of the Supreme Court's ruling in *O'Conner v. Donaldson*. (*Id.*); *see O'Connor v. Donaldson*, 422 U.S. 563, 576, 95 S. Ct. 2486, 45 L. Ed. 2d 396 (1975) ("[A] State cannot constitutionally confine without more a non-dangerous individual who is capable of surviving safely in freedom"); *see also U.S. v. Perry*, 788 F.2d 100, 112-13 (3d. Cir. 1986) ("[A] demonstration of dangerousness justifies deprivation of liberty by civil commitment without offending the substantive due process of limitation upon government.").

Aside from Section 1202's potentially serious constitutional violation[3], this Court in *Richardson* found that Section 1202 was inapplicable to the

---

[3] The issue of Section 1202's constitutionality is not before this Court. However, the Court notes that the history of Section 1202 adds credence to the belief that the statute is uncon-

procedural process of determining a defendant's competency to stand trial. (*Richardson*, 52 V.I. at 216-17.) Section 1202 is only triggered if the subject individual is already serving a sentence. (*Id.* at 217.) Under 1202 "[i]f that person may not in the first instance be tried, remains a very difficult question." (*Id.*) The Court in *Richardson* next turned to Sections 1131 and 1132 of Title 19 of the Virgin Islands Code. V.I. CODE ANN. tit. 19 §§ 1131-32 provide for the arrest and commitment of mentally ill persons. V.I. CODE ANN. tit. 19 §§ 1131-32 (LEXIS NEXIS) (2013). As explained in *Richardson*, these provisions only apply when the "welfare of [the person] or of another other requires that he [or she] be placed in restraint." (*Richardson*, 52 V.I. at 216-17) (quoting V.I. CODE ANN. tit. 19, § 1131). Section 1132 provides the vehicle for issuance of the warrant addressed in Section 1131. Much like the other statutes reviewed, this Court found that Sections 1131-32 are not intended to nor do they speak to the course of action for the assessment or commitment of an incompetent defendant already in custody of the police for a prior criminal act. (*Richardson*, 52 V.I. at 216.)

Finally, the Court in *Richardson* examined Section 723 of Title Nineteen of the Virgin Islands Code. (*Id.*) Section 723 is entitled "Involuntary Commitment of Mentally Disturbed, Alcoholic and Drug Dependent Persons" and governs the involuntary commitment of Virgin Islands citizens in general. V.I. CODE ANN. tit. 19 §§ 723-723(a) (LEXIS NEXIS) (2013). Section 723 and 723(a) allow a "spouse or guardian, a relative, the certifying physician, mental health professional or the Administrator in charge of any approved public treatment facility" to petition the Court for the involuntary commitment of a person to the custody of the Department of Health. *Id.* Pursuant to Section 723, the petitioner must allege that an individual has threatened, attempted or inflicted physical harm on himself or another and that unless committed he or she is likely to inflict physical harm or is currently incapacitated by alcohol or drugs. *Id.* at § 723(a). As explained in *Richardson*, Section 723 provides no procedural guidelines for adjudging the mental competency

---

stitutional. Section 1202 is based on Act. Leg. Assembly (Bill No. 2) § 21, which was enacted in 1941, almost thirty-five years before the Supreme Court's ruling in *O'Connor v. Donaldson.* V.I. CODE. ANN. tit. § 1202 "History" (1996). The V.I. Legislature did amend Section 1202 in 1984, but only to substitute the commissioner of public safety for police commissioner, as the reporting body. *Id. amended by* Bill No. 4964 § 1 (c), Sess. L. 177 (1985).

of criminal defendants. Further, Section 723 suffers from legal deficiencies in the context of pre-trial competency determinations. The statute requires that one of the statutorily enumerated persons petition the Court before a person may be involuntarily committed. Essentially, Section 723 divests from the Court the discretionary power to commit a defendant for treatment as part of a criminal proceeding. Ultimately, the Court in *Richardson* determined that within the pre-trial context, Virgin Islands law provided no guidance when dealing with an incompetent defendant charged with crimes under Virgin Islands law.[4] The Court held that it would give the People the opportunity to make a determination as to its next course of action in relation to the defendant. Shortly thereafter, the People filed an informational motion. (*Richardson*, People's Info. Mot., filed Jan. 12, 2010) (Super. Ct. Crim. No. 461-2008.) The People stated that upon review of the Court's memorandum opinion, they would move to dismiss all charges against the defendant. (*Id.*)

After a review of the applicable Virgin Islands statutes and this Court's holding in *Richardson*, the Court must find again, that local law provides no guidance as to how, or even if, this Court may proceed once a criminal defendant has been found incompetent to stand trial. The dearth of local law on these issues impedes justice.

## V. PURSUANT TO LOCAL LAW, ONCE A COURT FINDS A DEFENDANT INCOMPE-TENT TO STAND TRIAL, THE COURT IS UNABLE TO CONTINUE THE CRIMINAL PROCEEDING BEFORE IT

Under current jurisprudence, the Court, in the context of a criminal proceeding, cannot order an incompetent defendant to be committed nor can the Court, pursuant to a criminal proceeding, order the regular evaluation of a defendant who has been committed. Yet, under the U.S. constitution, due process prohibits the trial of an incompetent defendant. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975). Thus, the People have the option of dismissing the charges against

---

[4] The Court notes that V.I. CODE ANN. tit. 19, § 722 is also a mental health statute. Section 722 provides for the *emergency commitment* of a "mentally disturbed, intoxicated or drug dependent person" by the administrator of an approved treatment facility. (emphasis added.) V.I. CODE ANN. tit. 19 § 722 (LEXIS NEXIS) (2013). This section is not applicable in this matter. *See Virgin Islands ex. rel. K.D.*, 41 V.I. 57, 59-60 (Terr. 1999) ("All authority contained in § 722 is given to the Administrator of the approved public treatment facility.").

an incompetent defendant and proceeding under Section 723 for his or her civil commitment. This is problematic for several reasons. First, Section 723 is a civil statute that ". . . clearly contemplates an administrative, rather than judicial determination." *Government of the Virgin Islands v. Re. A.D.*, 41 VI 65, 68 (Terr.V.I. 1999) (finding that Section 723 is administrative in nature, and any judicial order vacating A.D.'s conditional release, would be unauthorized by statute and an impermissible usurpation of the Administrator's powers).

Second, Section 723 contemplates the immediate treatment of an individual for an urgent issue, as it requires that a petitioner allege that an individual has threatened, attempted or inflicted physical harm on himself or another and that unless committed he or she is likely to inflict physical harm on another. V.I. CODE ANN. tit. 19 § 723(a). Civil commitment in general is not organized to deal with incompetent criminal defendants. The statute's focus on the near term also reflects the American Psychological Association's position that "psychiatrists cannot make long-term predictions of violent behavior . . ." Steven K. Hoge, M.D. *Commentary: Resistance to Jackson v. Indiana; Civil Commitment of Defendants Who Cannot be Restored to Competence*, 38.3 J. Am. Acad. Psychiatry Law, 359-65 (2010). Section 723 in no way contemplates the commitment of a criminal defendant solely because he or she is incompetent to stand trial. Finally, unlike the defendant in *Richardson*, the instant Defendant Raphael Parrilla is accused of serious violations of local law and the dismissal of charges against him creates a ". . . troubling dilemma" and one in which "[a] decision to terminate such a prosecution in the interest of justice would present a substantial problem." (*Richardson*, 52 V.I. at 217.)

## VI. THE VIRGIN ISLANDS LEGISLATURE MUST PROVIDE STATUTORY GUIDANCE ON THE ISSUE OF PRE-TRIAL COMPETENCY DETERMINATIONS

The need for statutory guidance on this issue is compounded by the Virgin Island's single sovereign status. "The United States Congress is the source of prosecutorial authority for both the courts of United States territories and the federal district courts . . ." which means the dual sovereignty doctrine does not apply. *Government of Virgin Islands ex rel. Robinson v. Schneider*, 893 F. Supp. 490, 499 (3d Cir. 1995) (quoting *United States v. Sanchez*, 992 F.2d 1143, 1150 (11th Cir. 1993)). Thus, a defendant cannot be tried in successive prosecutions in a federal or local

court for the same criminal acts. *Grafton v. United States*, 206 U.S. 333, 354-55, 27 S. Ct. 749, 51 L. Ed. 1084 (1907); *see also Puerto Rico v. Shell*, 302 U.S. 253, 58 S. Ct. 167, 82 L. Ed. 235 (1937). Nor can a defendant receive separate punishments for similar federal and territorial offenses. *Schneider*, 893 F. Supp. at 495 (citing to *Government of Virgin Islands v. Dowling*, 633 F.2d 660, 669, 17 V.I. 623 (3d Cir. 1980); *Government of Virgin Islands v. Brathwaite*, 782 F.2d 399, 406-08 (3d Cir. 1986). Although Congress provided a path for the Virgin Islands to establish its own judicial system, as a "single sovereign" Virgin islands courts are "allowed only one bite of the apple" in the context of criminal matters. *See Schneider*, 893 F. Supp. at 495. This adds even greater weight to the Court's duty to balance the rights of the individual charged with the right of the People to protect public safety.

■ FED. R. CRIM. PROC. 12.2 and by extension 18 U.S.C. §§ 4241-48, reflect the Supreme Court ruling in *Drope* that the conviction of an incompetent defendant is a constitutional violation of the right to a fair trial. FED. R. CRIM. PROC. 12.2 is a legal conduit to rules and guidelines that ensure that due process is not violated. *See* 18 U.S.C. § 4241(d) (2010) (if "there is a substantial probability" the defendant will become competent for trial, a criminal defendant may be committed to an institution for up to four months as well as "an additional reasonable period of time"). But under current jurisprudence, this Court is foreclosed from applying FED. R. CRIM. PROC. 12.2 to the adjudication of matters involving defendants found incompetent to stand trial. *See Durant*, 49 V.I. at 369 ("the trial court's use of Superior Court Rule 7 as a conduit to apply Federal Rules of Criminal Procedure 12.2(c)(1)(A), and thereby incorporate the substantive federal statutory provisions of Chapter 313, was an unauthorized exercise of the Superior Court's rule-making authority.") Further, Virgin Islands law provides no recourse.

This situation can only be addressed by the Virgin Islands legislature. To that end, there is much legislation that Virgin Islands lawmakers can draw from for inspiration. Every state "has now adopted statutory schemes to conform with the [Supreme] Court's constitutional framework and ensure that no one is forced to stand trial while incompetent." Mae C. Quinn, *Reconceptualizing Competence: An Appeal*, 66 Wash, & Lee L. Rev. 259, 267 (2009). In many states, lawmakers have enacted statutes that enumerate how courts are to proceed once the issue of a defendant's competency is raised. While the law differs in many jurisdictions, there

are three areas that the states are generally in accord; 1) the trial court has the power to directly commit a defendant to a mental health facility or release the defendant as a part of the criminal matter and not as a separate civil matter; 2) commitment of a defendant for the specific objective of attaining competency is subject to statutory time limits so as not run afoul of the defendant's constitutional rights; and 3) a process in place that sets when and how a defendant's is assessed as to his or her ability to regain competency.[5] To be clear, jurisprudence on this issue is not uniform among the states. Further, many states are burdened with the same problems that the Territory struggles with; an overburdened judicial system and limited funding. But the lack of statutory authority on this issue impedes justice. The current alternative, the People's dismissal without prejudice of charges against an incompetent defendant ". . . is not a permanent solution to the quandary facing the Virgin Islands trial courts of what to do with incompetent defendants." (*Richardson*, 52 V.I. at 217.)

## VII. Conclusion

The Court finds that the weight of evidence in this matter does not indicate that the Defendant can assist in his own defense or that the Defendant has a rational or factual understanding of the proceedings against him. Under the standard set out by the Supreme Court in *U.S. v. Dusky*, the Court finds the Defendant incompetent to stand trial. At this

---

[5] *See* Arizona, ARIZ. REV. STAT. ANN. § 13-4515 "Treatment Order; commitment" (West) (Mar. 2013); Connecticut, CONN. GEN. STAT. § 54-56d "Competency to Stand Trial"; *see also Conn. Gen. Stat.* § 54-56d(h); § 54-56d(i) and § 54-56d(k) (West) (Jan. 2013); Hawaii, HAW. REV. STAT. § 704-406 "Effect of Finding Fitness to Proceed" (West) (2012); Idaho, IDAHO CODE ANN. § 18-212 "Determination of fitness of defendant to proceed" (West) (2013); Illinois, Ill. Comp. Stat. Ann., Art. 104 "Fitness for Trial, Plea or be Sentenced"; *see* 725 § 104/17 and § 104/20 (West) (2013); Massachusetts, MASS. GEN. LAWS ANN. ch. 123 § 16 "Hospitalization of persons incompetent to stand trial or not guilty by reason of mental illness; examination period; commitment; hearing; restrictions; dismissal of criminal charges" (proposed legislation) (West) (2013); Michigan, MICH. COMP. LAWS ANN. § 330.2032 "Ordering treatment; medical supervisor; commitment; restriction of movements"; *see also* MICH. COMP. LAWS ANN. §330.1034 (West) (2013); Montana, MONT. CODE. ANN. § 46-14-221 "Determination of fitness to proceed — effect of finding of unfitness expenses" (West) (Statutes are current with 2013 effective-upon-approval chapters through March 22, 2013); Nevada, NEV. REV. STAT. ANN. § 178.425 "Proceedings on Finding Defendant Incompetent" (West) (2011); New Hampshire, N.H. REV. STAT. ANN. § 135: 17-a "Competency Hearing; Commitment for Treatment" (West) (2013); New York, N.Y. CRIM. PROC. ART. 730 "Mental Disease or Defect Excluding Fitness to Proceed"; *see* § 730.10 and §§ 730.50-60 (West) (2013).

time, as the Court did in *Richardson*, the Court finds it prudent to allow the People the opportunity to review the Court's ruling, the applicable law and the record herein and inform the Court as to how it will proceed against the Defendant. An order consistent with this opinion will follow.